## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 17 2016, 9:32 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Nicholas A. Siler
West Baden Springs, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Mark A. Drescher,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

October 17, 2016

Court of Appeals Case No.
19A01-1602-CR-298

Appeal from the Dubois Circuit Court

The Honorable Mark R. McConnell, Special Judge

Trial Court Cause No.
19C01-1412-F5-923

**Baker, Judge.**

[1] Mark Drescher appeals his conviction for Level 5 Felony Intimidation,[1] arguing that the evidence is insufficient. He also appeals his sentence, contending that it is inappropriate in light of the nature of the offense and his character. Finding the evidence sufficient and the sentence not inappropriate, we affirm.

## Facts

[2] In December 2014, Drescher and Eugenia Neukam had been in an on-and-off relationship for nearly three years. On December 27, 2014, they broke up and Drescher began removing his belongings from their residence. He returned later that afternoon and asked Neukam to go for a ride with him so that they could talk. Neukam agreed, and they left in Drescher's truck. As they drove around the countryside, Drescher proposed to Neukam. He travels frequently for his job and asked that Neukam give up custody of her children to her ex-husband, marry Drescher, leave her home and the children, and go on the road with him. Tr. p. 59-61. Neukam refused to agree to those terms, and they became embroiled in a heated argument, with Drescher calling Neukam "all of the bad" names such as "crazy bitch," "slut," and "whore." Tr. p. 64-65. Drescher began to pull her hair, bang her head into the truck window, and hit her.

[3] At one point, Drescher stopped the truck, walked around to the passenger side, and pulled Neukam out. He held her up against the side of the truck, hit her,

___

[1] Ind. Code § 35-45-2-1.

pulled her hair, and yanked her head around. He dragged her to a ditch and asked her if she was ready to die, and then took her back to the truck. He pulled out a knife, asked her again if she was ready to die, poked her in the chest with the knife, and told her, "I'm going to cut up your titties; then nobody else will want you." *Id.* at 69-71. Drescher threatened Neukam and her family and told her that he would save her for last. Neukam was scared, shocked, and afraid that Drescher would kill her. Drescher eventually drove Neukam to the Dubois County Sheriff's Office, let her out of the truck, and drove away. Neukam gave a video-recorded statement and signed, under oath, an affidavit for probable cause. The deputy observed various injuries to Neukam's chest and neck. Neukam went to the emergency room, where a nurse and a doctor observed and treated her injuries. Neukam told both the nurse and the doctor that her injuries were knife wounds inflicted by Drescher.

[4] On January 5, 2015, the State charged Drescher with Level 5 felony battery and Level 5 intimidation. Drescher's jury trial began on July 14, 2015. At the trial, Neukam testified and largely recanted her prior statement to law enforcement officers, but the State impeached her testimony with the prior statement. At the conclusion of the trial, the jury found Drescher not guilty of battery but guilty of intimidation. On September 8, 2015, the trial court sentenced Drescher to six years imprisonment for the Level 5 intimidation conviction. Drescher now appeals.

# Discussion and Decision

## I. Sufficiency

First, Drescher argues that the evidence is insufficient to support his Level 5 felony intimidation conviction. When reviewing a claim of insufficient evidence, we will consider only the evidence and reasonable inferences that support the conviction. *Gray v. State*, 957 N.E.2d 171, 174 (Ind. 2011). We will affirm if, based on the evidence and inferences, a reasonable jury could have found the defendant guilty beyond a reasonable doubt. *Bailey v. State*, 907 N.E.2d 1003, 1005 (Ind. 2009). To convict Drescher of Level 5 felony intimidation, the State was required to prove beyond a reasonable doubt that he communicated a threat to Neukam, with the intent that Neukam be placed in fear of retaliation for a prior lawful act—her refusal to leave her home and children and go on the road with him. I.C. § 35-45-2-1.

The evidence in the record supporting the verdict establishes that Drescher asked Neukam to marry him, give up custody of her children, leave her home and children, and go on the road with him. She refused, as she was entitled to do. He then became very angry and they became embroiled in a heated argument. During the argument, among other things, Drescher threatened her family, twice asked Neukam if she was ready to die, and said that he would save Neukam for last. Tr. p. 94-95. A reasonable juror could conclude from this evidence that Drescher threatened Neukam to place her in fear for her prior lawful act of refusing his proposal. Drescher's arguments to the contrary amount to requests that we reweigh the evidence and assess witness

credibility—requests we decline. We find that the evidence is sufficient to support the conviction.

## II. Appropriateness

[7] Next, Drescher argues that the sentence imposed by the trial court is inappropriate in light of the nature of the offense and his character. Indiana Appellate Rule 7(B) provides that this Court may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. We must "conduct [this] review with substantial deference and give 'due consideration' to the trial court's decision—since the 'principal role of [our] review is to attempt to leaven the outliers,' and not to achieve a perceived 'correct' sentence . . . ." *Knapp v. State*, 9 N.E.3d 1274, 1292 (Ind. 2014) (quoting *Chambers v. State*, 989 N.E.2d 1257, 1259 (Ind. 2013)) (internal citations omitted).

[8] For a Level 5 felony conviction, Drescher faced a possible sentence of one to six years, with an advisory term of three years imprisonment. Ind. Code § 35-50-2-6(b). The trial court imposed a maximum six-year term.

[9] As for the nature of Drescher's offense, he threatened to harm Neukam and her family in retaliation for her refusing to leave her home and children behind to go on the road with him. As he was threatening her, he was also physically assaulting her—pulling her hair, hitting her, and banging her head into a window. Then, he pulled out a knife and cut her in multiple places with the weapon, threatening to cut up her breasts so that no one else would want her.

Neukam feared for her life and had to go to the hospital as a result of her injuries.

[10] Turning to Drescher's character, his involvement with law enforcement dates back to when he was nine years old. Throughout his life, he has been charged with seventy-seven separate criminal offenses. At least twelve of his arrests have been for physically violent offenses, and he has had probation revoked at least five times. At the time of his sentencing in this matter, Drescher was facing twenty-five counts for violating protective orders. He has accumulated nine battery convictions, four operating while intoxicated convictions, three driving while suspended convictions, two criminal recklessness convictions, two leaving the scene of an accident convictions, and nine other convictions— including a prior conviction for intimidation. While Drescher's offense may not be the worst of the worst, his character very nearly is. He evinces no respect for the law or his fellow citizens and is either unable or unwilling to lead a law-abiding life. He has had multiple opportunities to turn his life around but has failed or refused to do so. Under these circumstances, we find that the six-year sentence imposed by the trial court is not inappropriate in light of the nature of the offense and Drescher's character.

[11] The judgment of the trial court is affirmed.

Vaidik, C.J., and Najam, J., concur.