## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 21 2017, 9:58 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald C. Swanson, Jr.
Deputy Public Defender
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Brandon M. Gilbert,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | February 21, 2017<br><br>Court of Appeals Case No.<br>02A03-1608-CR-1794<br><br>Appeal from the Allen Superior Court<br><br>The Honorable Frances C. Gull, Judge<br><br>Trial Court Cause No.<br>02D05-1503-F5-56 |

**Baker, Judge.**

Brandon Gilbert appeals the sentence he received after pleading guilty to Corrupt Business Influence,[1] a Level 5 Felony. Gilbert argues that the sentence is inappropriate in light of the nature of the offense and his character. Finding that the sentence is not inappropriate, we affirm.

## Facts

Between July 21 and September 17, 2014, Gilbert and a number of other individuals came up with a plan to enter several different Lowes Home Improvement Stores, alternating days with one another. They would pick up items off of the shelf, take the unpaid-for merchandise to the return counter, return the items for a store gift card, and then pawn the gift cards at a pawn store. Gilbert bought heroin with the money he received from the pawn store.

On March 3, 2015, the State charged Gilbert with Level 5 felony corrupt business influence, and on May 18, 2015, Gilbert pleaded guilty as charged. The trial court placed Gilbert into the drug court diversion program and sentencing was deferred to afford him an opportunity to complete the program successfully.

Gilbert completed a transitional living program at the Shepard House and was then placed at the Thirteen Step House. In March and April, Gilbert had four dilute drug screens. On April 1 and May 11, 2016, Gilbert tested positive for

---

[1] Ind. Code § 35-45-6-2.

morphine. He missed eight drug screens between March and May. On May 2, Gilbert filled a prescription for hydrocodone. On May 12, 2016, Gilbert failed to return to the Thirteen Step House and was unsuccessfully discharged from the program. As a result, the State filed a petition to terminate Gilbert's participation in the drug court diversion program. Gilbert admitted to the allegations in the petition. The trial court revoked Gilbert's placement in the drug court diversion program and, on July 21, 2016, sentenced Gilbert to four years imprisonment. Gilbert now appeals.

## Discussion and Decision

Gilbert's sole argument on appeal is that the sentence imposed by the trial court is inappropriate in light of the nature of the offense and his character. Indiana Appellate Rule 7(B) provides that this Court may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. We must "conduct [this] review with substantial deference and give 'due consideration' to the trial court's decision—since the 'principal role of [our] review is to attempt to leaven the outliers,' and not to achieve a perceived 'correct' sentence . . . ." *Knapp v. State*, 9 N.E.3d 1274, 1292 (Ind. 2014) (quoting *Chambers v. State*, 989 N.E.2d 1257, 1259 (Ind. 2013)) (internal citations omitted).

For a Level 5 felony conviction, Gilbert faced a sentence of one to six years, with an advisory term of three years imprisonment. Ind. Code § 35-50-2-6(b). Gilbert received a four-year term.

[7]     With respect to the nature of the offense, Gilbert and his cohorts methodically planned and committed acts of theft at Lowes stores on many occasions over a three-month period. Gilbert and his counterparts operated strategically, alternating the dates on which and the stores at which they committed these offenses. The reason Gilbert committed this offense was to fund his drug habit.

[8]     With respect to Gilbert's character, he is thirty-two years old and has had regular contact with the criminal justice system since the age of seventeen. He has seven prior misdemeanor convictions and two prior felony convictions. He has had the benefit of probation, short jail sentences, and the drug court diversion program. He has had a suspended sentence revoked once and probation revoked once. He has completed substance abuse treatment twice—in 2004 and in 2016.

[9]     We acknowledge that Gilbert is battling a serious drug and alcohol dependency problem and has been for much of his life. We also acknowledge the uphill battle that addicts face on a daily basis. But Gilbert has been afforded multiple chances by our criminal justice system to reform his behavior and treat his substance abuse issues. He has been either unwilling or unable to take advantage of those opportunities. Under these circumstances, we find that the four-year sentence imposed by the trial court is not inappropriate in light of the nature of the offense and Gilbert's character.

The judgment of the trial court is affirmed.

Mathias, J., and Pyle, J., concur.