## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 12 2017, 10:28 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Leanna Weissmann
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Monika Prekopa Talbot
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Christopher Reid,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

April 12, 2017

Court of Appeals Case No.
16A01-1611-CR-2554

Appeal from the Decatur Superior Court

The Honorable Matthew Bailey, Judge

Trial Court Cause No.
16D01-1512-F6-793

**Altice, Judge.**

**Case Summary**

[1] Christopher Reid appeals the sentence imposed following his plea of guilty to operating a motor vehicle after being adjudicated a habitual traffic violator (HTV) and his admission to being a habitual offender. On appeal, Reid argues that his four-and-a-half-year sentence, with four years executed and six months suspended to probation, is inappropriate in light of the nature of the offense and his character.

[2] We affirm.

## Facts & Procedural History

[3] On December 10, 2015, Reid was pulled over for impeding the flow of traffic by remaining in the left-hand passing lane of a four-lane divided highway. When the police officer checked Reid's driver's license, he learned that Reid's driving privileges were suspended due to his HTV status. Reid was placed under arrest and charged with operating a vehicle after being adjudicated an HTV. The State subsequently added a habitual offender allegation.

[4] On September 20, 2016, Reid pled guilty to the HTV charge and admitted his habitual offender status without the benefit of a plea agreement. The trial court sentenced Reid to two and a half years for the HTV offense, enhanced by two years for being a habitual offender, resulting in an aggregate sentence of four and a half years. The trial court ordered the first four years executed in the Department of Correction and the remaining six months suspended to probation. Reid now appeals.

## Discussion & Decision

[5] Reid argues that his sentence is inappropriate in light of the nature of the offense and his character. Article 7, section 4 of the Indiana Constitution grants our Supreme Court the power to review and revise criminal sentences. *See Knapp v. State*, 9 N.E.3d 1274, 1292 (Ind. 2014), *cert. denied*, 135 S.Ct. 978 (2015). Pursuant to Ind. Appellate Rule 7, the Supreme Court authorized this court to perform the same task. *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). Per App. R. 7(B), we may revise a sentence "if after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Inman v. State*, 4 N.E.3d 190, 203 (Ind. 2014) (quoting App. R. 7). "Sentencing review under Appellate Rule 7(B) is very deferential to the trial court." *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012). Reid bears the burden on appeal of persuading us that his sentence is inappropriate. *See id.*

[6] The determination of whether we regard a sentence as inappropriate "turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Bethea v. State*, 983 N.E.2d 1134, 1145 (Ind. 2013) (quoting *Cardwell*, 895 N.E.2d at 1224). Moreover, "[t]he principal role of such review is to attempt to leaven the outliers." *Chambers v. State*, 989 N.E.2d 1257, 1259 (Ind. 2013). It is not our goal in this endeavor to achieve the perceived "correct" sentence in each case. *Knapp*, 9 N.E.3d at 1292. Accordingly, "the question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate; rather,

the question is whether the sentence imposed is inappropriate." *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008) (emphasis in original).

[7] In order to assess the appropriateness of a sentence, we first look to the statutory range established for the classification of the relevant offense. Pursuant to his guilty plea, Reid was convicted of operating a vehicle after being adjudicated an HTV, a Level 6 felony, and found to be a habitual offender. The sentencing range for a Level 6 felony is six months to two and half years, with an advisory sentence of one year. Ind. Code § 35-50-2-7(b). Additionally, a person who is convicted of a Level 5 or 6 felony and who is found to be a habitual offender shall be sentenced to an additional term between two and six years. I.C. § 35-50-2-8(i). Reid received the maximum sentence of two and a half years for his HTV conviction, but the minimum two-year enhancement for being a habitual offender.

[8] The nature of Reid's offense is unremarkable—he operated a vehicle despite being aware of his HTV status. On appeal, Reid argues that the seriousness of his offense is mitigated because he drove out of necessity.[1] Specifically, he directs our attention to his own testimony at his sentencing hearing, in which he stated that he had to get to Marion County for a court date on a separate criminal matter. Reid testified that his partner was too sick to drive him to court, so he had gone to get a friend to drive him. The friend drove for a while,

---

[1] Reid also questions the legality of the traffic stop that resulted in his arrest, but he waived such arguments by pleading guilty.

but Reid testified that she suffered from schizophrenia and he believed that her mental state made it unsafe for her to continue. Reid was pulled over while driving back home after pleading guilty to a misdemeanor in Marion County.

[9] Even if these facts are viewed as mitigating the nature of the offense, Reid's character standing alone easily supports the sentence imposed. Reid's criminal history is very lengthy and spans over two decades. In 1997, when Reid was just fifteen years old, he committed misdemeanor selling tobacco to a minor in Alabama.[2] Reid accumulated several more convictions in Alabama over the next ten years, including two counts misdemeanor domestic violence, reckless driving, and attempt to elude police in 2000. In 2006, Reid was convicted of driving while intoxicated, harassment, driving without a license, and misdemeanor domestic violence. In 2007, Reid was convicted of two counts of misdemeanor public intoxication and, yet again, misdemeanor domestic violence. Reid's criminal history in Indiana began in 2008, when he was convicted of Class C felony battery by bodily waste. In 2010, Reid was convicted of operating while intoxicated and resisting law enforcement, both as Class A misdemeanors. In 2011, Reid was convicted of Class D felony attempted residential entry, as well as intimidation and resisting law enforcement, both Class A misdemeanors. In 2012, Reid was charged with residential entry, theft, and intimidation, all Class D felonies, as well as Class A

---

[2] There are no cases listed under the juvenile history section of Reid's pre-sentence investigation report. Although this offense took place when Reid was a minor, it is listed as an adult conviction.

misdemeanor battery resulting in bodily injury. It is apparent from the pre-sentence investigation report that Reid was convicted of at least one of the 2012 charges, but it is unclear which one or ones. In 2014, Reid was convicted of Class D felony theft and two counts of Class D felony operating while intoxicated. In addition to his numerous convictions, Reid has repeatedly violated the conditions of his probation and had his probation terminated unsuccessfully.

[10] Reid's argument that his criminal history is nonviolent does not hold water. He has amassed numerous convictions for violent crimes. We are likewise unpersuaded by Reid's novel argument that his request to serve his sentence on home detention was "altruistic" because it would be more cost-effective for the county in light of Reid's serious medical conditions. *Appellant's Brief* at 10. In light of Reid's poor character, which is amply demonstrated by his lengthy criminal history, we cannot conclude that his sentence of four and a half years with four years executed and six months suspended to probation is inappropriate.

[11] Judgment affirmed.

[12] Kirsch, J. and Mathias, J., concur.