## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 26 2017, 6:34 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Ryan M. Gardner
Deputy Public Defender
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jesse R. Miller,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | April 26, 2017<br><br>Court of Appeals Case No.<br>02A03-1610-CR-2482<br><br>Appeal from the Allen Superior Court<br><br>The Honorable Wendy W. Davis, Judge<br><br>Trial Court Cause No.<br>02D05-1603-F6-231 |

**Baker, Judge.**

[1] Jesse Miller appeals the sentence imposed by the trial court following Miller's conviction for Level 6 felony pointing a firearm. Miller argues that the trial court erred by finding Miller's juvenile history to be an aggravator and that the sentence is inappropriate in light of the nature of the offense and his character. Finding no error and that the sentence is not inappropriate, we affirm.

## Facts

[2] On February 25, 2016, Miller and his sister-in-law stopped at a Marathon gas station in Fort Wayne. They entered the convenience store portion of the gas station, and Miller began to fill a fountain drink. After he poured out several fountain drinks, Miller was confronted by store employees and they began to argue. The store employee charged Miller for only one fountain drink, and Miller paid and began to leave the store. As he walked away, Miller argued with an employee through the store window. The employees and Miller exchanged crude hand gestures through the window.

[3] Just after Miller exited the store, he threw one of the fountain drinks at the store window. Miller then drew the semi-automatic handgun he had been carrying on his hip and pointed it at the store employees. One of the employees grabbed a baseball bat and began to walk in Miller's direction, but the employee remained inside the store. Miller pulled the slide back on his handgun to draw a round into the chamber. Miller continued pointing the gun at the employees as he backed towards his car. Miller and his sister-in-law then drove away, with

Miller keeping his gun aimed at employees the whole time. Neither of the employees exited the store during the encounter.

[4] On March 2, 2016, the State charged Miller with Level 6 felony pointing a firearm, and on September 8, 2016, a jury found Miller guilty as charged. Following a sentencing hearing, on October 7, 2016, the trial court sentenced Miller to two years, with one year suspended to probation and one year served in community corrections on home detention. Miller now appeals.

## Discussion and Decision

## I. Aggravating Factor

[5] First, Miller argues that the trial court erred by finding his juvenile history to be an aggravating factor. A trial court may err in the sentencing process if, among other things, it provides reasons that are improper as a matter of law. *Blair v. State*, 62 N.E.3d 424, 429 (Ind. Ct. App. 2016). Miller contends that, under certain circumstances, it is improper for a trial court to find a defendant's juvenile history to be an aggravating factor. Here, however, while the trial court acknowledged the juvenile history, it did *not* find it to be an aggravator: "He does back in 2009 have a Disorderly Conduct, a Class B Misdemeanor which tells me . . . he's probably got some anger management issues." Sent. Tr. p. 10. That is the trial court's only statement regarding Miller's juvenile adjudication. The only aggravator explicitly found by the trial court was the nature and circumstances of the crime he was being sentenced for. Therefore, we find no error in this regard.

# II. Appropriateness

[6] Miller also argues that the sentence imposed by the trial court is inappropriate. Indiana Appellate Rule 7(B) provides that this Court may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. We must "conduct [this] review with substantial deference and give 'due consideration' to the trial court's decision—since the 'principal role of [our] review is to attempt to leaven the outliers,' and not to achieve a perceived 'correct' sentence . . . ." *Knapp v. State*, 9 N.E.3d 1274, 1292 (Ind. 2014) (quoting *Chambers v. State*, 989 N.E.2d 1257, 1259 (Ind. 2013)) (internal citations omitted).

[7] Miller was convicted of one Level 6 felony. For this conviction, he faced a sentence of six months to two and one-half years, with an advisory term of one year. Ind. Code § 35-50-2-7(b). Miller received a two-year sentence, but one year was suspended to probation and one year was to be served in community corrections on home detention.

[8] As for the nature of Miller's offense, he dramatically escalated a petty fight over fountain drinks. After the verbal conflict had ended and Miller was walking away, he threw a drink at the store window. He then pulled out a semi-automatic handgun and pointed it at store employees, going so far as to chamber a round. By doing so, he transformed a small argument into a potentially deadly encounter.

[9] As for Miller's character, we acknowledge that he has no adult criminal history and only one juvenile adjudication for disorderly conduct. It is apparent, however, that he has long struggled with controlling his anger.

[10] We agree with Miller that neither the nature of Miller's offense nor his character are the worst of the worst. A reasonable trial court may have imposed only an advisory term on Miller. That does not mean, however, that it was unreasonable for the trial court here to impose a two-year term. We must consider not only the length of the sentence but also the manner in which it is to be served. *E.g.*, *Bratcher v. State*, 999 N.E.2d 864, 870-71 (Ind. Ct. App. 2013). Here, while one year of the sentence is to be executed, it is to be executed in community corrections on home detention, allowing Miller to continue to be with and care for his family and to maintain employment. And the second year of the sentence was suspended to probation, with the trial court indicating its willingness to modify that second year to be fully suspended if Miller was successful in community corrections. Sent. Tr. p. 11. With the way in which the trial court structured this sentence, we do not find it to be an outlier. Therefore, we do not find that the sentence imposed by the trial court is inappropriate in light of the nature of the offense and Miller's character.

[11] The judgment of the trial court is affirmed.


Barnes, J., and Crone, J., concur.