## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 05 2017, 6:52 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy P. Broden
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jecori M. Jeffries,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

May 5, 2017

Court of Appeals Case No.
79A02-1612-CR-2792

Appeal from the Tippecanoe
Superior Court

The Honorable Steven P. Meyer,
Judge

Trial Court Cause No.
79D02-1606-F5-82

**Baker, Judge.**

[1] Jecori Jeffries appeals the sentence imposed by the trial court after Jeffries pleaded guilty to Level 5 felony carrying a handgun while having a prior felony conviction. Jeffries contends that the sentence is inappropriate in light of the nature of the offense and his character. Finding that the sentence is not inappropriate, we affirm.

[2] On February 14, 2016, at 3:16 a.m., Jeffries had been drinking at a house party and walked across the street to a gas station. Jeffries approached a police officer; when Jeffries turned around, the officer saw the pistol grip of a black semi-automatic handgun in Jeffries's possession. The handgun was a Smith & Wesson M&P 45 and was fully loaded with ten rounds in the magazine. The officer knew Jeffries and knew that he had a prior felony conviction. An officer secured Jeffries's handgun and attempted to handcuff him; Jeffries turned and forcibly pulled away multiple times. After he was handcuffed and being transported to the patrol vehicle, Jeffries continued to forcibly pull away from the officers.

[3] On June 2, 2016, the State charged Jeffries with Level 5 felony carrying a handgun while having a prior felony conviction and with Class A misdemeanor resisting law enforcement. The State also alleged that Jeffries was a habitual offender. On September 26, 2016, Jeffries pleaded guilty to the handgun charge in exchange for the dismissal of the resisting law enforcement charge and the habitual offender enhancement. On November 14, 2016, the trial court sentenced Jeffries to five years, with one year to be served on community corrections and one year suspended to probation.

[4] Jeffries's sole argument on appeal is that the sentence is inappropriate in light of the nature of the offense and his character. Indiana Appellate Rule 7(B) provides that this Court may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. We must "conduct [this] review with substantial deference and give 'due consideration' to the trial court's decision—since the 'principal role of [our] review is to attempt to leaven the outliers,' and not to achieve a perceived 'correct' sentence . . . ." *Knapp v. State*, 9 N.E.3d 1274, 1292 (Ind. 2014) (quoting *Chambers v. State*, 989 N.E.2d 1257, 1259 (Ind. 2013)) (internal citations omitted).

[5] Jeffries was convicted of one Level 5 felony. For this conviction, he faced a term of two to eight years, with an advisory term of four years imprisonment. Ind. Code § 35-50-2-6(b). Jeffries received a five-year term, but one of those years is suspended to probation and one of those years is to be served on community corrections.

[6] As for the nature of the offense, Jeffries, who was on probation, was out drinking at 3 in the morning. He went to a college party with a fully loaded semi-automatic handgun. Jeffries was aware that he was not permitted to have this weapon because he had a previous felony conviction. While this offense is not the worst of the worst, Jeffries escalated the potential for violence by attending a party with a loaded handgun.

[7] As for Jeffries's character, he was only twenty-four years old at the time of sentencing but had a lengthy history of contact with the criminal justice system.

As a juvenile, he was adjudicated delinquent on three occasions. Two of his adjudications were for attempted dealing and possession of a controlled substance; for these adjudications, Jeffries was waived to adult court. He has three prior felony convictions, including Class C felony possession of a controlled substance and two convictions for Class D felony possession of marijuana. He has six prior misdemeanor convictions, has violated probation on two occasions, and was on probation at the time he committed the instant offense. Moreover, the State has filed two new criminal cases against Jeffries since filing the instant charges.

[8] Given the nature of the offense, including Jeffries's decision to bring a loaded handgun to a party where alcohol was being consumed, and Jeffries's character, including a lengthy history of contact with the criminal justice system that has not deterred him from continuing to commit crimes, we do not find the sentence imposed by the trial court to be inappropriate.

[9] The judgment of the trial court is affirmed.

Barnes, J., and Crone, J., concur.