## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Nov 07 2017, 7:04 am

**C L E R K**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Gregory L. Fumarolo
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

James B. Martin
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Eugene D. White,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

November 7, 2017

Court of Appeals Case No.
02A03-1705-CR-1156

Appeal from the Allen Superior Court

The Honorable Frances C. Gull, Judge

Trial Court Cause No.
02D04-1608-F4-55

**Baker, Judge.**

[1] Eugene D. White appeals following his convictions for Level 4 Felony Burglary[1] and Class A Misdemeanor Resisting Law Enforcement.[2] White argues that there is insufficient evidence supporting the burglary conviction and that the sentence imposed by the trial court is inappropriate in light of the nature of the offenses and his character. Finding that the evidence is sufficient and the sentence is not inappropriate, we affirm.

## Facts

[2] Around 7:30 a.m. on August 5, 2016, Philip Adelman got up for work, showered, and went downstairs, where he noticed that his back door was wide open. As he walked through his house, Adelman discovered that his 32-inch television, laptop computer, backpack, and a knife were missing. The security bar for his back door had been removed and set aside, and a window screen was found in the grass outside the house. Adelman called 911.

[3] At approximately 7:40 a.m., Fort Wayne Police Detective Arthur Billingsley was driving to work when he saw an individual later identified as White walking down the street wearing a backpack and carrying a large television. Detective Billingsley turned on his red and blue lights, put his car in park, and identified himself as a police officer, asking White if he had a moment to talk. White told the detective that he had just left his brother's house, that they had

---

[1] Ind. Code § 35-43-2-1.

[2] Ind. Code § 35-44.1-3-1.

played videogames all night, and that he was on his way to basketball practice. White said that he carries his television back and forth with him every time they play videogames. While Detective Billingsley was talking, White set down the television and ran away, still wearing the backpack. Police officers eventually apprehended White and obtained a warrant to search his backpack. Inside the backpack, police found a laptop computer, a power cord, a computer mouse and pad, and a knife. Adelman later identified these items, as well as the television White had been carrying, as his belongings.

[4] On August 11, 2016, the State charged White with Level 4 felony burglary and Class A misdemeanor resisting law enforcement. Following a March 28, 2017, jury trial, the jury found White guilty as charged. On April 26, 2017, the trial court sentenced him to concurrent terms of ten years for burglary and one year for resisting law enforcement. White now appeals.

## Discussion and Decision

## I. Sufficiency

[5] White first argues that the evidence is insufficient to support his burglary conviction. When reviewing a claim of insufficient evidence, we will consider only the evidence and reasonable inferences that support the conviction. *Gray v. State*, 957 N.E.2d 171, 174 (Ind. 2011). We will affirm if, based on the evidence and inferences, a reasonable jury could have found the defendant guilty beyond a reasonable doubt. *Bailey v. State*, 907 N.E.2d 1003, 1005 (Ind. 2009).

[6]    To convict White of Level 4 felony burglary, the State was required to prove beyond a reasonable doubt that he broke and entered a dwelling with intent to commit a felony or theft in it. I.C. § 35-43-2-1. A burglary conviction may be sustained by circumstantial evidence alone. *Allen v. State*, 743 N.E.2d 1222, 1230 (Ind. Ct. App. 2001).

[7]    White concedes that he was found in possession of items that had been stolen from Adelman's residence, but argues that the evidence does not support an inference that he was the person who burglarized the home. The unexplained possession of recently stolen property provides support for an inference of guilt for theft of that property and will support a burglary conviction so long as there is evidence that there was, in fact, a burglary committed. *Id.* Possession of stolen property remains unexplained when the factfinder rejects the defendant's explanation as being unworthy of credit. *Id.* When determining whether the possession was recent, we consider the length of time between the theft and the possession and "the circumstances of the case (such as defendant's familiarity or proximity to the property at the time of the theft) and the character of the goods (such as whether they are readily salable and easily portable or difficult to dispose of and cumbersome)." *Id.*

[8]    Here, law enforcement discovered White walking just blocks from Adelman's home before 8:00 a.m., less than thirty minutes after Adelman had discovered that his home was burglarized, carrying a television and other items that had been stolen from the home. White argues that there is no evidence establishing when the burglary occurred, but a reasonable factfinder could infer from the

evidence above that the burglary had occurred a short time before White was found walking on a nearby street carrying the stolen items. Moreover, White's explanation to the detective—that he carried a large television between two places every time he and his brother played videogames—was implausible, and did not account for the stolen items in the backpack he was carrying. Additionally, while the detective was talking, White set down the television and fled, exhibiting consciousness of guilt. When considered in full, this evidence is sufficient to support White's burglary conviction.

## II. Appropriateness

[9] White next argues that the aggregate ten-year sentence imposed by the trial court is inappropriate in light of the nature of the offenses and his character pursuant to Indiana Appellate Rule 7(B). In considering an argument under Rule 7(B), we must "conduct [this] review with substantial deference and give 'due consideration' to the trial court's decision—since the 'principal role of [our] review is to attempt to leaven the outliers,' and not to achieve a perceived 'correct' sentence . . . ." *Knapp v. State*, 9 N.E.3d 1274, 1292 (Ind. 2014) (quoting *Chambers v. State*, 989 N.E.2d 1257, 1259 (Ind. 2013)) (internal citations omitted).

[10] For White's Level 4 felony conviction, he faced a sentence of two to twelve years imprisonment, with an advisory term of six years. Ind. Code § 35-50-2-5.5. The trial court imposed a ten-year term. For his Class A misdemeanor

conviction, White faced a sentence of up to one year. I.C. § 35-50-3-2. He received a one-year term, to be served concurrently with his burglary sentence.

[11]     With respect to the nature of the offenses, White broke into Adelman's dwelling while Adelman was asleep and stole multiple items from the home. He then fled from law enforcement when confronted while carrying the stolen items. While these offenses are not the worst of the worst, we find it noteworthy that in 2013, White was convicted of the same character of offense—Class B felony burglary—and was afforded a lenient sentence that was largely suspended to probation.

[12]     Regarding White's character, we note that at a relatively young age of twenty-six, he has already had far too many contacts with the criminal justice system, dating back to when he was a juvenile. As an adult, he has been convicted of Class B felony burglary, Class D felony auto theft, and two counts of Class A misdemeanor driving while suspended. He was on probation when he committed the offenses at issue in this appeal. White has been afforded chances in the past with informal probation as a juvenile and shorter jail sentences and probation as an adult. Despite these opportunities, White shows an inability or unwillingness to conform his behavior to the rule of law. Under these circumstances, we do not find that the aggregate ten-year sentence imposed by the trial court is inappropriate in light of the nature of the offenses and his character.

The judgment of the trial court is affirmed.

Bailey, J., and Altice, J., concur.