## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 20 2018, 10:25 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

James A. Shoaf
Columbus, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. Mackenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Esmeralda Ibarra,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

April 20, 2018

Court of Appeals Case No.
03A01-1711-CR-2704

Appeal from the Bartholomew
Superior Court

The Honorable James D. Worton,
Judge

Trial Court Cause No.
03D01-1704-F6-2279

**Baker, Judge.**

[1] Esmeralda Ibarra appeals the sentence she received after pleading guilty to Possession of Methamphetamine,[1] a Level 6 Felony. Ibarra argues that the sentence is inappropriate in light of the nature of the offense and her character. Finding that the sentence is not inappropriate, we affirm.

## Facts

[2] On February 7, 2017, Ibarra was stopped by police for driving without a working license plate light. Officer Travis Harbaugh asked for her name and she stated that her name was Michelle Pendaz. He ran the name through the Bureau of Motor Vehicles and noticed that Pendaz's photograph did not match Ibarra. He questioned Ibarra, who then revealed her real name and that there was a warrant for her arrest. Officer Harbaugh confirmed the warrant and searched Ibarra. During his search, he found two small baggies of a white crystal-like substance. A field test revealed that both baggies contained methamphetamine.

[3] On April 21, 2017, the State charged Ibarra with Level 6 felony possession of methamphetamine and Class B misdemeanor false informing. On September 11, 2017, Ibarra pleaded guilty to Level 6 felony possession of methamphetamine in exchange for the dismissal of the Class B misdemeanor false informing charge. She was ordered to report to the probation department but failed to show up because of her continued use of methamphetamine. On

---

[1] Ind. Code § 35-48-4-6.1.

October 10, 2017, Ibarra also failed to appear for her sentencing hearing. On October 25, 2017, the trial court sentenced Ibarra to two years and twenty-eight days imprisonment. Ibarra now appeals.

## Discussion and Decision

[4] Ibarra argues that the sentence imposed by the trial court is inappropriate in light of the nature of the offense and her character. Indiana Appellate Rule 7(B) gives this Court the authority to revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. We must "conduct [this] review with substantial deference and give 'due consideration' to the trial court's decision – since the principal role of [our] review is to attempt to leaven the outliers,' and not to achieve a perceived 'correct' sentence. . . ." *Knapp v. State*, 9 N.E.3d 1274, 1292 (Ind. 2014) (quoting *Chambers v. State*, 989 N.E.2d 1257, 1259 (Ind. 2013)) (internal citations omitted).

[5] For a Level 6 felony conviction, Ibarra faced a sentence of six months to two and one-half years imprisonment, with an advisory term of one year. I.C. § 35-50-2-7(b). The trial court imposed a sentence of two years and twenty-eight days.

[6] Regarding the nature of the offense, Ibarra had two bags of methamphetamine on her person at the time of her arrest. Additionally, she lied to Officer Harbaugh about her identity in order to avoid arrest.

[7] With respect to Ibarra's character, she has an extensive criminal history that dates back to 1996. She has amassed nearly twenty different convictions,

including six felony convictions, across several different states and multiple counties. Among other offenses, she has been convicted of theft, burglary of a vehicle, possession of a controlled substance, conversion, and operating a vehicle while intoxicated. Additionally, Ibarra testified that she had been kicked out of substance abuse treatment programs and had never completed a term of probation without multiple violations.

[8] Ibarra's extensive criminal history shows that despite many chances over many years, she is unable or unwilling to abide by the rule of law. Moreover, she knowingly failed to appear for sentencing and continued to use illegal substances during the pre-trial period, showing a lack of desire to reform her behavior. Under these circumstances, we find that the two-year and twenty-eight-day sentence imposed by the trial court is not inappropriate in light of the nature of the offense and Ibarra's character.

[9] The judgment of the trial court is affirmed.

Kirsch, J., and Bradford, J., concur.