ATTORNEY FOR APPELLANT
Noah T. Williams
Stuart K. Baggerly
Bloomington, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Katherine Modesitt Cooper
Deputy Attorney General
Indianapolis, Indiana

# In the
# Indiana Supreme Court

**FILED**
Jul 02 2013, 2:25 pm

CLERK
of the supreme court,
court of appeals and
tax court

No. 53S01-1307-CR-459

MICHAEL CHAMBERS,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Monroe Circuit Court
No. 53C09-1106-FB-000558
The Honorable Teresa D. Harper, Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 53A01-1209-CR-401

**July 2, 2013**

**Per Curiam.**

Following a bench trial, Michael Chambers was convicted of two counts of sexual misconduct with a minor as class B felonies. *See* Ind. Code § 35-42-4-9. The sentencing range for each count is six to twenty years imprisonment; the advisory term is ten years. *See* I.C. § 35-

50-2-5.  In sentencing Chambers to maximum consecutive terms (a total of forty years executed), the trial court found "substantial aggravating circumstances" and noted the following information.  (*See* Tr. pp. 273-76.)

Chambers had a criminal history that included felony convictions for forgery in 1999 and 2001, fraud in 1999, and theft in 2001, 2004 and 2012, and misdemeanor convictions for furnishing alcohol to a minor in 2004 and possession of marijuana in 2010.  In addition, the trial court considered it "reflective of [Chambers's] character" that a number of other charges had been filed against him, even if the charges had been dismissed.  Those charges included conversion, receiving stolen property, fraud, theft, intimidation, forgery twice, check deception, habitual offender enhancements, possession of paraphernalia, burglary and criminal mischief.  Chambers had shown a history of failure of rehabilitative efforts, the trial court said, by having violated probation in 1999, 2000, and 2004, and parole in 2010, and having been on parole when he committed the instant offenses.  His conduct of violating probation and parole and his behavior while incarcerated showed a certain disrespect for authority, the trial court said.

In addition, the trial court noted, the victim in this case had diminished mental capacity and did not have the same abilities of other fourteen or fifteen year olds.  The offenses occurred on different days in different locations and caused the girl some pain.  Chambers, who was in his thirties, had been living in the girl's home at the time; his fiancée was a best friend of the girl's mother, and the mother (who had four daughters) had allowed Chambers and his fiancée to live with the family rent-free because they had nowhere else to stay.  The trial court found this violation of trust an aggravating circumstance.  The trial court found no mitigating circumstances.

2

A majority of the Court of Appeals panel revised the sentence to concurrent terms of twenty years, concluding that the forty-year executed sentence was an outlier in comparison to Walker v. State, 747 N.E.2d 536 (Ind. 2001), and Harris v. State, 897 N.E.2d 927, 930 (Ind. 2008). *See* Chambers v. State, No. 53A01-1209-CR-401 (Ind. Ct. App. Feb. 27, 2013) (mem. dec.). The dissenting opinion, on the other hand, noted that Chambers has a more significant criminal history than the defendants in those cases and that the nature and circumstances of the offenses Chambers committed was not the same.

The authority granted by Article 7, § 4 of the Indiana Constitution permitting appellate review and revision of criminal sentences is implemented through Appellate Rule 7(B). Under this rule and as interpreted by case law, appellate courts may revise sentences—after due consideration of the trial court's decision—if the sentence is found to be inappropriate in light of the nature of the offense and the character of the offender. *See* Cardwell v. State, 895 N.E.2d 1219, 1222-25 (Ind. 2008); Serino v. State, 798 N.E.2d 852, 856-57 (Ind. 2003). The principal role of such review is to attempt to leaven the outliers. Cardwell, 895 N.E.2d at 1225.

Our collective judgment is that the sentence imposed by the trial court in this case is not inappropriate under Appellate Rule 7(B) and does not warrant appellate revision. Accordingly, we grant transfer, affirm the sentence imposed by the trial court, and summarily affirm the decision of the Court of Appeals in all other respects. *See* App. R. 58(A).

Dickson, C.J., and David, Massa, and Rush, JJ., concur.
Rucker, J., concurs in result.

3