## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 19 2015, 9:19 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Cody Cogswell
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Kenneth E. Biggins
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Forrest Brown,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | February 19, 2015<br><br>Court of Appeals Cause No. 48A02-1405-CR-309<br><br>Appeal from the Madison Circuit Court.<br>The Honorable David A. Happe, Judge.<br>Cause No. 48C04-1112-FC-2414 |

**Baker, Judge.**

[1] Forrest Brown appeals the sentence imposed by the trial court following his conviction for Nonsupport of a Dependent Child,[1] a Class C felony. Brown asserts that the trial court abused its discretion when sentencing Brown. Specifically, he argues that the trial court improperly relied on the amount that Brown owed in child support as an aggravating factor. Further, Brown claims that the six-year sentence was inappropriate in light of the nature of the offense and his character. Finding no error, we affirm.

## Facts

[2] Brown is the father of a minor child, F.B. On December 30, 2011, the State charged Brown with a class C felony, nonsupport of a dependent child. Brown claims that he paid child support between the years of 2005 and 2008. In 2008, Brown was diagnosed with Crohn's Disease. Brown admitted that he did not pay child support after his diagnosis, but claimed that he would, on occasion, give money to F.B.'s mother. However, Brown was unable to show that he paid any money in child support between July 1, 2005, and November 30, 2011. On February 18, 2014, a jury found Brown guilty as charged. At the time that the trial court sentenced Brown, he owed $33,500 in child support.

[3] At the sentencing hearing, the trial court found that Brown's medical condition was a mitigating factor. Tr. p. 197. The trial court also considered Brown's prior criminal history to be a "slight aggravator." Id. at 198. The trial court

---

[1] Ind. Code 35-46-1-5(a).

stated that the "large amount of arrearage [was] a significant aggravating factor" in the sentencing. *Id*. The trial court highlighted that the sum of child support owed by Brown was more than twice the amount required to make this a class C felony offense. *Id*. Moreover, the trial court found that Brown was not remorseful. *Id*. The trial court found that the aggravating factors outweighed the mitigating factors. *Id*. at 199. As such, the trial court sentenced Brown to six years, with eighteen months executed and fifty-four months suspended to probation. *Id*. at 200. Brown now appeals.

# Discussion and Decision

# I. Arrearage in Child Support as an Aggravating Factor

[4]     Brown first argues that the trial court abused its discretion by considering an improper aggravator. In Indiana, it is well established that "[s]entencing decisions rest within the trial court's discretion, and are reviewed on appeal only for an abuse of discretion." *Smallwood v. State*, 773 N.E.2d 259, 263 (Ind. 2002). "An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances." *Jones v. State*, 812 N.E.2d 820, 826 (Ind. Ct. App. 2004). Brown contends that the trial court improperly relied on

the arrearage that Brown owed in child support as an aggravating factor. At the time of Brown's offense, Indiana Code section 35-46-1-5(a)[2] provided,

> A person who knowingly or intentionally fails to provide support to the person's dependent child commits nonsupport of a child, a Class D felony. However, the offense is a Class C felony if the total amount of unpaid support that is due and owing for one (1) or more children is at least fifteen thousand dollars ($15,000).

This Court has held that "[t]he amount of arrearage is a proper aggravating circumstance and may be used to enhance [a defendant's] sentence." *Jones*, 812 N.E.2d at 826.

Here, the trial court found the sum of Brown's arrearage to be an aggravating factor. Tr. p. 198. The trial court reasoned that the arrearage amount showed that Brown held a complete lack of regard to his duties under the law and his duties as a father. *Id*. at 198-99. By considering Brown's substantial child support arrearage as an aggravator, the trial court acted squarely in line with precedent laid down by this Court. *Jones*, 812 N.E.2d at 826. We find no error on this basis.

## II. Appropriateness of Sentence

Further, Brown next claims that his sentence is inappropriate in light of the nature of the offense and his character. Under Indiana Appellate Rule 7(B), the

---

[2] This statute section was amended by the Indiana Legislature, with an effective date of July 1, 2014. The language quoted above is the language of the statute in place at the time Brown committed the offense and is applicable to this case.

"Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." We must "conduct [this] review with substantial deference and give 'due consideration' to the trial court's decision—since the 'principal role of [our] review is to attempt to leaven the outliers,' and not to achieve a perceived 'correct' sentence . . . ." *Knapp v. State*, 9 N.E.3d 1274, 1292 (Ind. 2014) (quoting *Chambers v. State*, 989 N.E.2d 1257, 1259 (Ind. 2013)).

[7] The statute in effect at the time the offense was committed stated that "[a] person who commits a Class C felony shall be imprisoned for a fixed term of between two (2) and eight (8) years, with the advisory sentence being four (4) years." Ind. Code § 35-50-2-6. Our Supreme Court has held that such advisory sentences are the "starting point" for a trial court in determining the length of a sentence. *Brown v. State*, 10 N.E.3d 1, 4 (Ind. 2014).

[8] With respect to the nature of Brown's offense, we note that Brown's arrearage is more than double the amount required to qualify the offense as a class C felony, and that Brown failed to pay any child support for six years. Tr. p. 198; *See Jones*, 812 N.E.2d at 826 (holding that "[t]he length of time for nonpayment of child support and the amount of arrearage go to the severity of the crime and the proper length of sentence").

[9] With respect to Brown's character, the trial court found that he had no remorse for his actions. Tr. p. 198. Furthermore, by not paying child support, Brown

has disregarded his financial responsibility as a father and his duty under the law. *Id.* at 199. This, in addition to his prior criminal history, shows a lack of respect for the law. *Id.* at 198-99.

[10] Accordingly, we do not find the six-year sentence imposed by the trial court to be inappropriate in light of the nature of the offense and Brown's character.

[11] The judgment of the trial court is affirmed.

Vaidik, C.J., and Riley, J., concur.