## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 07 2015, 9:54 am

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Derick W. Steele | Gregory F. Zoeller |
| Deputy Public Defender | Attorney General of Indiana |
| Kokomo, Indiana | |
| | Jesse R. Drum |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Anthony D. Dunn, | August 7, 2015 |
| *Appellant-Defendant,* | Court of Appeals Case No. 34A04-1503-CR-88 |
| v. | Appeal from the Howard Circuit Court |
| State of Indiana, | The Honorable Lynn Murray, Judge |
| *Appellee-Plaintiff* | Cause No. 34C01-1308-MR-156 |

**Baker, Judge.**

[1] Anthony Dunn appeals the sentence imposed by the trial court after Dunn pleaded guilty to class A felony Attempted Robbery.[1] Dunn argues that the sentence is inappropriate in light of the nature of the offense and his character. Finding that the sentence is not inappropriate, we affirm.

## Facts

[2] On August 29, 2013, Dunn and Robert Patmon waited outside Jordan Ferguson's apartment in Kokomo, intending to rob him. Patmon provided a firearm to Dunn for the robbery. As Ferguson approached his apartment, Patmon and Dunn followed him. Dunn accidentally shot Patmon in the back because he was nervous. Dunn and Patmon fled the scene, and Dunn made no attempt to call for help. Patmon was found dead the next morning as a result of the gunshot wound.

[3] On August 30, 2013, the State charged Dunn with murder. On September 10, 2013, the State added charges of class B felony attempted robbery, class D felony residential entry, and class D felony criminal mischief. On November 26, 2014, Dunn pleaded guilty to class A felony attempted robbery in exchange for dismissal of the remaining charges. Sentencing was left to the trial court's discretion, with a cap on the executed portion of thirty-five years. Following a sentencing hearing, on February 24, 2015, the trial court sentenced Dunn to

---

[1] Ind. Code § 35-42-5-1(2). We apply the version of the statute in effect at the time Dunn committed the offense.

fifty years, with thirty-five years executed and fifteen years to be served on probation. Dunn now appeals.

## Discussion and Decision

Dunn's sole argument on appeal is that the sentence imposed by the trial court is inappropriate in light of the nature of the offense and his character. Indiana Appellate Rule 7(B) provides that this Court may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. We must "conduct [this] review with substantial deference and give 'due consideration' to the trial court's decision—since the 'principal role of [our] review is to attempt to leaven the outliers,' and not to achieve a perceived 'correct' sentence . . . ." *Knapp v. State*, 9 N.E.3d 1274, 1292 (Ind. 2014) (quoting *Chambers v. State*, 989 N.E.2d 1257, 1259 (Ind. 2013)) (internal citations omitted).

At the time Dunn committed the offense, a person who was convicted of a class A felony faced a sentence of twenty to fifty years, with an advisory term of thirty years. Ind. Code § 35-50-2-4.[2] Dunn received a maximum term of fifty years, but fifteen of those years will be served on probation.

As to the nature of the offense, Dunn went to an apartment and lay in wait for the person who lived there, intending to rob him. Dunn was armed with a gun.

---

[2] Indiana's criminal code has since been amended, but the amendments have an effective date of July 1, 2014. We apply the version of the statutes in effect at the time Dunn committed the offense.

The result of this incident was the death of another person, which goes far beyond what the State was required to prove to convict Dunn of attempted robbery resulting in serious bodily injury. After he shot Patmon, he fled and did not attempt to call for help. Dunn also received a considerable benefit from his guilty plea, in that multiple charges—including murder—were dismissed and the executed portion of the sentence was capped at thirty-five years. We do not find that the nature of the offense renders the sentence inappropriate.

[7] As for Dunn's character, we note that he has been involved with the criminal justice system for more than half of his life. He has juvenile adjudications for, among other things, offenses that would have been conversion, resisting law enforcement, auto theft, possession of cocaine or narcotic drug, residential entry, illegal consumption of an alcoholic beverage, and intimidation had they been committed by an adult. As an adult, he has amassed two felony convictions. He has also violated probation multiple times. When he committed the instant offense, he was on probation for a 2009 class B felony dealing in cocaine conviction, and he had just been arrested on August 26, 2013—three days before attempting to rob Ferguson—for resisting law enforcement. Dunn has had multiple opportunities to reform his behavior but has declined to do so. He shows continuing disrespect for the rule of law and his fellow citizens. In sum, we do not find that Dunn's character renders the sentence inappropriate.

The judgment of the trial court is affirmed.

Bailey, J., and Mathias, J., concur.