## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 05 2017, 9:21 am

**C L E R K**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Brian A. Karle
Ball Eggleston, PC
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Edward B. Armstrong, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | October 5, 2017 <br><br> Court of Appeals Case No. 86A03-1703-CR-720 <br><br> Appeal from the Warren Circuit Court <br><br> The Honorable Hunter J. Reece, Judge <br><br> Trial Court Cause No. 86C01-1207-FC-62 |

**Baker, Judge.**

Edward Armstrong appeals the three-year sentence he received after pleading guilty to Theft,[1] a Class D Felony. Armstrong argues that the fully-executed sentence is inappropriate in light of the nature of the offense and his character. Finding that the sentence is not inappropriate, we affirm.

## Facts

In April 2010, Armstrong entered into a contract with JoAnn and Derek Puterbaugh. According to the terms of the contract, Armstrong was to build a pole barn in exchange for approximately $15,500. The Puterbaughs paid Armstrong in two check installments, $7,000 in April 2010 and $8,000 in May 2010. Armstrong cashed the checks, but did not complete the project. During this same time, Armstrong received money for similar projects in Tippecanoe County that he also did not complete.

On July 13, 2012, the State charged Armstrong with Class C felony corrupt business influence and Class D felony theft. On February 21, 2017, Armstrong pleaded guilty to Class D felony theft in exchange for the dismissal of the Class C felony corrupt business influence charge. On March 14, 2017, the trial court sentenced Armstrong to three years imprisonment. Armstrong now appeals.

---

[1] Ind. Code § 35-43-4-2. We apply the version of the statute in place at the time Armstrong committed the offense.

## Discussion and Decision

[4] Armstrong argues that the sentence imposed by the trial court is inappropriate in light of the nature of the offense and his character. Indiana Appellate Rule 7(B) gives this Court the authority to revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. We must "conduct [this] review with substantial deference and give 'due consideration' to the trial court's decision – since the 'principal role of [our] review is to attempt to leaven the outliers,' and not to achieve a perceived 'correct' sentence. . . ." *Knapp v. State*, 9 N.E.3d 1274, 1292 (Ind. 2014) (quoting *Chambers v. State*, 989 N.E.2d 1257, 1259 (Ind. 2013)) (internal citations omitted).

[5] For a Class D felony conviction, Armstrong faced a sentence of six months to three years with an advisory term of one and one-half years imprisonment. Ind. Code § 35-50-2-7(a). Armstrong received a three-year term.

[6] Regarding the nature of the offense, Armstrong took two separate payments, equaling almost $15,500, for a project he did not even start. He stated that he knew there was a high probability that he would not uphold his end of the contract, and that he took the money anyway.

[7] With respect to Armstrong's character, he is fifty-six years old and has an extensive criminal history that dates back to 1977. His record includes nearly thirty-nine different felony cases and four misdemeanor cases across several different states and multiple counties. The offenses include theft, home

improvement fraud, obtaining property by false representation, and embezzlement.

[8] We acknowledge that Armstrong pleaded guilty and accepted responsibility for his actions. But Armstrong's extensive criminal history shows that despite many chances over many years, he is unable and unwilling to abide by the rule of law. Additionally, he has failed to make required restitution payments in other cases, showing a lack of desire to reform his behavior. Under these circumstances, we find that the three-year sentence imposed by the trial court is not inappropriate in light of the nature of the offense and Armstrong's character.

[9] The judgment of the trial court is affirmed.

Bailey, J., and Altice, J., concur.