## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 28 2018, 7:33 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Donald E.C. Leicht | Curtis T. Hill, Jr. |
| Kokomo, Indiana | Attorney General of Indiana |
| | Caroline G. Templeton |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jacob Cummings, | March 28, 2018 |
| *Appellant-Defendant,* | Court of Appeals Case No. 34A02-1711-CR-2626 |
| v. | Appeal from the Howard Superior Court |
| State of Indiana, | The Honorable William C. Menges, Judge |
| *Appellee-Plaintiff* | Trial Court Cause No. 34D01-1702-F5-130 |

**Baker, Judge.**

[1] Jacob Cummings appeals the sentence imposed by the trial court after he pleaded guilty to Level 6 Felony Unlawful Possession of a Syringe. Cummings argues that the sentence is inappropriate in light of the nature of the offense and his character. Finding that the sentence is not inappropriate, we affirm.

## Facts

[2] On January 31, 2017, the Kokomo Police Drug Task Force began surveillance of a Kokomo residence. The officers observed multiple vehicles come and go from the residence, including one vehicle that was followed and stopped by the officers; both occupants were arrested after officers found methamphetamine and heroin.

[3] At the residence, Cummings, several other adults, and two children exited as the officers searched it pursuant to a warrant. The officers found a bag that had several syringes and burnt spoons with residue that was later determined to be heroin. Cummings claimed ownership of the bag and told police that he had last injected heroin that afternoon. The officers also found bags and foil with a substance that was later determined to be methamphetamine; baggies that tested positive for methamphetamine; digital scales; a safe; a grinder; stripped marijuana plants and grow lights; glass smoking devices; and 1.9 grams of heroin in separate plastic bags.

[4] On February 1, 2017, the State charged Cummings with Level 5 felony unlawful possession of a syringe, Level 5 felony possession of methamphetamine, Level 5 felony possession of a narcotic drug, and Class B

misdemeanor visiting a common nuisance.  The State later added a charge of Level 6 felony unlawful possession of a syringe.  On October 18, 2017, Cummings pleaded guilty to Level 6 felony unlawful possession of a syringe in exchange for the dismissal of the remaining charges.  The sentence was left open to the trial court and, at the October 18, 2017, sentencing hearing, the trial court imposed a sentence of 913 days imprisonment.  Cummings now appeals.

## Discussion and Decision

[5] Cummings's sole argument on appeal is that the sentence imposed by the trial court is inappropriate in light of the nature of the offense and his character pursuant to Indiana Appellate Rule 7(B).  In considering an argument under Rule 7(B), we must "conduct [this] review with substantial deference and give 'due consideration' to the trial court's decision—since the 'principal role of [our] review is to attempt to leaven the outliers,' and not to achieve a perceived 'correct' sentence . . . ."  *Knapp v. State*, 9 N.E.3d 1274, 1292 (Ind. 2014) (quoting *Chambers v. State*, 989 N.E.2d 1257, 1259 (Ind. 2013)) (internal citations omitted).

[6] Cummings pleaded guilty to one count of a Level 6 felony.  For this conviction, he faced a sentence of six months to two and one-half years imprisonment, with an advisory term of one year.  I.C. § 35-50-2-7(b).  The trial court imposed a sentence of 913 days, or approximately two and one-half years.

[7] With respect to the nature of the offense, Cummings's criminal conduct far exceeded that which was encompassed by his guilty plea.  *See Bethea v. State*,

983 N.E.2d 1134, 1144-45 (Ind. 2013) (holding that it is appropriate for a court to consider the totality of the defendant's conduct that brought the defendant before the trial court). He visited a house that held heroin, methamphetamine, scales, and the markings of a marijuana grow operation. Minors were present in the residence when Cummings was there. Cummings himself was in possession of heroin and paraphernalia and admitted to having injected himself with heroin earlier that same day.

[8] With respect to Cummings's character, we note that he has amassed a substantial criminal history. As a juvenile, he was arrested for possession of marijuana, illegal possession of an alcoholic beverage, and visiting a common nuisance. As an adult, Cummings has been convicted for dealing in a controlled substance, theft, possession of methamphetamine, unlawful possession of a syringe, possession of marijuana, and receiving stolen property. He was out on bond in a counterfeiting and theft case in another county at the time he committed the instant offense.

[9] Cummings clearly has a serious substance abuse problem, and he has been afforded multiple opportunities to treat that problem. As early as 2001, he had the opportunity to participate in inpatient substance abuse treatment, which he began but did not complete. In 2008, he successfully participated in outpatient treatment through a drug court program, but returned to daily use of heroin and methamphetamine thereafter. He has participated with drug-aided recovery with the use of methadone and suboxone. Notwithstanding these

opportunities, Cummings continues to use illegal substances and commit crimes related to his substance abuse.

[10] Under these circumstances, we find that the sentence imposed by the trial court is not inappropriate in light of the nature of the offense and Cummings's character.

[11] The judgment of the trial court is affirmed.

Kirsch, J., and Bradford, J., concur.