## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 19 2018, 8:29 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Patrick Magrath
Alcorn Sage Schwartz & Magrath, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Marjorie Lawyer-Smith
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Aaron Clark,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

July 19, 2018

Court of Appeals Case No.
18A-CR-411

Appeal from the Dearborn
Superior Court

The Honorable Jonathan N.
Cleary, Judge

Trial Court Cause No.
15D01-1607-F5-52

**Baker, Judge.**

[1]     Aaron Clark appeals the sentence imposed by the trial court after he pleaded guilty to Level 5 Felony Dealing in a Narcotic.[1] Clark contends that the sentence is inappropriate in light of the nature of the offense and his character. Finding that the sentence is not inappropriate, we affirm.

## Facts

[2]     Clark had an arrangement with Stephanie Harmon to do odd jobs in exchange for permission to live in a small room in the back of a building in Lawrenceburg. In June 2016, Stephanie contacted the doctor of her mother, Brenda Harmon, pretended to be Brenda, and requested a refill of Brenda's hydrocodone prescription. At Stephanie's direction, Clark pretended to be Brenda's son, picked up the prescription from the doctor's office, filled the prescription at a Kroger pharmacy, and delivered the hydrocodone to Stephanie. Clark knew that Brenda would not receive the medication because Stephanie would either sell, trade, or use it. He admitted that he had traded prescriptions with Stephanie in the past.

[3]     On July 22, 2016, the State charged Clark with multiple offenses, including Level 5 felony dealing in a narcotic; it later added an enhancement alleging that Clark was an habitual offender. On October 23, 2017, Clark and the State entered into a plea agreement. The agreement provided that Clark would plead guilty to the Level 5 felony in exchange for the dismissal of all the other

---

[1] Ind. Code § 35-41-4-2; Ind. Code § 35-48-4-1.

charges, including the habitual offender enhancement. Sentencing was left to the discretion of the trial court. On November 20, 2017, the trial court sentenced Clark to six years imprisonment, with two years suspended to probation. Clark now appeals.

## Discussion and Decision

[4] Clark's sole argument on appeal is that the sentence is inappropriate in light of the nature of the offense and his character pursuant to Indiana Appellate Rule 7(B). In considering an argument under Rule 7(B), we must "conduct [this] review with substantial deference and give 'due consideration' to the trial court's decision—since the 'principal role of [our] review is to attempt to leaven the outliers,' and not to achieve a perceived 'correct' sentence . . . ." *Knapp v. State*, 9 N.E.3d 1274, 1292 (Ind. 2014) (quoting *Chambers v. State*, 989 N.E.2d 1257, 1259 (Ind. 2013)) (internal citations omitted).

[5] Clark was convicted of a Level 5 felony, for which he faced a term of one to six years imprisonment, with an advisory term of three years. Ind. Code § 35-50-2-6(b). The trial court imposed a six-year term, with two years suspended, for an executed sentence of four years imprisonment.

[6] With respect to the nature of the offense, Clark pretended to be Brenda's son, picked up the prescription from her doctor's office, filled it at a pharmacy, and gave the hydrocodone to Stephanie, knowing that she would sell, trade, or use it.

[7] With respect to Clark's character, we note that even at a relatively young age of thirty-one years, he has a substantial criminal history that spans well over a decade. His prior convictions include six felonies and four misdemeanors, as well as six probation violations and a community corrections violation. Many of Clark's convictions are drug-related. He has also been terminated from court-ordered drug and mental health treatment. Clark requests leniency, but he has been afforded leniency in the past and has been unable or unwilling to change his behavior.

[8] Clark emphasizes that he has five minor children. While that is true, he does not pay child support because of a disability. He states that he has severe medical and mental health issues and maintains that those issues will substantially limit his ability and/or motivation to commit future crimes. It may be true that he has many challenges, but he has had those challenges for many years and his criminal behavior has continued unabated. Clark has also not established that his conditions are untreatable during incarceration. Indeed, the trial court required as a condition of probation that Clark participate with drug and alcohol treatment.

[9] It is undeniable that Clark has faced many hardships in his life and there are many substantial obstacles in his path. But given his significant criminal history and his past failure to take advantage of leniency in sentencing, we cannot say that the sentence imposed by the trial court is inappropriate in light of the nature of the offense and his character.

The judgment of the trial court is affirmed.

May, J., and Robb, J., concur.