## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 01 2018, 8:37 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy P. Broden
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Gregory B. Kimbrough,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

August 1, 2018

Court of Appeals Case No.
18A-CR-470

Appeal from the Tippecanoe
Superior Court

The Honorable Steven P. Meyer,
Judge

Trial Court Cause No.
79D02-1709-F5-129

**Baker, Judge.**

[1] Gregory Kimbrough appeals the sentence he received after pleading guilty to Level 6 felony domestic battery and Class A misdemeanor invasion of privacy, arguing that the sentence is inappropriate in light of the nature of the offenses and his character. Finding no error, we affirm.

[2] On September 23, 2017, Kimbrough was with his wife at an apartment in Lafayette. Their two children, who were under the age of sixteen, were also present in the apartment. A protective order was in place at the time that prohibited Kimbrough from having contact with his wife. At some point, Kimbrough and his wife got into an argument, and his wife started to leave the apartment when Kimbrough grabbed her by the neck and tried to pull her back inside.

[3] On September 28, 2017, the State charged Kimbrough with Level 5 felony domestic battery, Level 6 felony domestic battery, Level 6 criminal confinement, Class A misdemeanor domestic battery, and Class A misdemeanor invasion of privacy. On January 12, 2018, Kimbrough pleaded guilty to Level 6 felony domestic battery and Class A misdemeanor invasion of privacy in exchange for the dismissal of the other charges and another pending case.

[4] On January 24, 2018, Kimbrough filed a statement of sentencing considerations, which included the results of a neuropsychological evaluation. The evaluation stated that Kimbrough suffers from severe mental health issues, including paranoid schizophrenia and psychotic symptoms, but that he has

refused treatment for these problems because he did not like the medications involved. It also stated that he has poor control over anger and aggression.

[5] A sentencing hearing took place on January 25, 2018. During the hearing, Kimbrough testified about the physical and mental impact that he has suffered following a work accident that included him being electrocuted. Kimbrough's wife testified that Kimbrough is a wonderful husband and father but that he has not been willing to address his mental health problems, which overshadow their relationship. She also testified that she was the victim of Kimbrough's prior strangulation conviction, blaming Kimbrough's mental health issues and stating that he would continue to have problems with the criminal justice system if he did not receive help for those issues.

[6] The trial court found that Kimbrough's mental health constituted a mitigating circumstance, but was far outweighed by the aggravating circumstance of his prior criminal history and probation violations. The trial court sentenced him to concurrent terms of two and one-half years for the domestic battery conviction and one year for the invasion of privacy conviction, for an aggregate sentence of two and one-half years' imprisonment, with six months suspended to probation.

[7] Kimbrough's sole argument on appeal is that his sentence is inappropriate in light of the nature of the offenses and his character pursuant to Indiana Appellate Rule 7(B). In considering an argument under Rule 7(B), we must "conduct [this] review with substantial deference and give 'due consideration'

to the trial court's decision—since the 'principal role of [our] review is to attempt to leaven the outliers,' and not to achieve a perceived 'correct' sentence . . . ." *Knapp v. State*, 9 N.E.3d 1274, 1292 (Ind. 2014) (quoting *Chambers v. State*, 989 N.E.2d 1257, 1259 (Ind. 2013)) (internal citations omitted).

[8] Kimbrough was convicted of Level 6 felony domestic battery. For this conviction, he faced a sentence of six months to two and one-half years, with an advisory sentence of one year. Ind. Code § 35-50-2-7(b). The trial court imposed a maximum sentence of two and one-half years. Kimbrough was also convicted of Class A misdemeanor invasion of privacy. For this conviction, he faced a sentence of up to one year. I.C. § 35-50-3-2. The trial court imposed a maximum sentence of one year. The trial court ordered the sentences to run concurrently, for an aggregate term of two and one-half years, with six months suspended to probation.

[9] With respect to the nature of the offenses, Kimbrough engaged in an argument with his wife, in the presence of their young children, when his wife tried to leave the apartment. Kimbrough grabbed her by the neck and prevented her from leaving. He did this in violation of a protective order.

[10] With respect to Kimbrough's character, Kimbrough has a long history with the criminal justice system. He has multiple felony convictions, including domestic battery, and multiple misdemeanors. He has violated probation numerous times, and he was on probation when he committed the instant offenses. He

has previously violated the protective order. Kimbrough also has a history of using illegal substances. Kimbrough contends that his decision to plead guilty and his mental health issues should mitigate problems with his character. Yet Kimbrough has refused appropriate treatment for them, and nothing in the record indicates that he would make a serious attempt at treatment now. The trial court found that Kimbrough's mental health issues, coupled with his criminal record, make him a dangerous individual.

[11] Under these circumstances, we find that the sentence imposed by the trial court is not inappropriate in light of the nature of the offenses and Kimbrough's character.

[12] The judgment of the trial court is affirmed.

May, J., and Robb, J., concur.