## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 12 2019, 10:03 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Laura A. Raiman
R. Patrick Magrath
Matthew T. Bates
Alcorn Sage Schwartz & Magrath, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen H. Meilaender
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Joseph M. Hawk, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | April 12, 2019 <br><br> Court of Appeals Case No. 18A-CR-2250 <br><br> Appeal from the Bartholomew Superior Court <br><br> The Honorable James D. Worton, Judge <br><br> Trial Court Cause Nos. 03D01-1701-F6-389 03D01-1803-F4-1519 03D01-1806-CM-3265 |

**Baker, Judge.**

[1] Joseph Hawk appeals the sentences imposed by the trial court after he pleaded guilty, in three separate causes, to Level 6 felony possession of methamphetamine, Level 5 felony dealing in methamphetamine, and Class A misdemeanor domestic battery. Hawk argues that the sentences are inappropriate in light of the nature of the offenses and his character. Finding that the sentences are not inappropriate, we affirm.

## Facts

[2] In December 2016, Hawk was serving time in community corrections following two drug-related convictions in two separate causes. On December 8, 2016, Hawk reported to community corrections and appeared to be intoxicated. Officers found suboxone in Hawk's wallet and pill bottles, a glass pipe with a white residue, and a bindle containing methamphetamine in his car. On January 19, 2017, the State charged Hawk with Level 6 felony possession of methamphetamine and Class A misdemeanor possession of a controlled substance under Cause Number 03D01-1701-F6-389 (Cause F6-389).

[3] On March 30, 2017, Hawk sold methamphetamine to a confidential informant for $200. The same day, the State charged him with Level 4 felony dealing in methamphetamine under Cause Number 03D01-1803-F4-1519 (Cause F4-1519). On April 18, 2018, the trial court granted Hawk's motion to reduce bond and released him on his own recognizance to pretrial release through community corrections. He entered the Lighthouse Recovery program in April

and received ninety days of treatment there, but he left before the program was finished and did not return.

[4] On June 12, 2018, Hawk left community corrections without permission. He consumed methamphetamine and then struck his then-girlfriend, Diana Rousey, in the face five to seven times. Rousey sustained a concussion, a laceration over her eye, a broken nose, and bruising and swelling all over her face. Hawk threatened to beat her twice as hard if she called the police. When police officers came to the residence later that day, Hawk fled and had to be tasered before he obeyed commands to stop. On June 13, 2018, the State charged him with Class A misdemeanor domestic battery and Class A misdemeanor resisting law enforcement under Cause Number 03D01-1806-CM-3265 (Cause CM-3265).

[5] Hawk resolved all three causes through a plea agreement, pursuant to which he pleaded guilty to Level 6 felony possession of methamphetamine under Cause F6-389, the lesser-included offense of Level 5 felony dealing in methamphetamine under Cause F4-1519, and Class A misdemeanor domestic battery under Cause CM-3265. The State dismissed the other charges.

[6] At the August 31, 2018, sentencing hearing, the trial court found no mitigators and found the following aggravators: Hawk's criminal history; his failed opportunities on probation and multiple revocations; his many unsuccessful opportunities to receive substance abuse treatment; his violation of pretrial release in Cause F4-1519; and the fact that he was on probation and pretrial

release when he committed the offense in Cause CM-3265. The trial court imposed consecutive sentences of two years, five years, and one year, respectively, on his convictions for possession of methamphetamine, dealing in methamphetamine, and domestic battery. Hawk now appeals.

## Discussion and Decision

[7] Hawk's sole argument on appeal is that the sentences imposed by the trial court are inappropriate in light of the nature of the offenses and his character. Indiana Appellate Rule 7(B) provides that this Court may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. We must "conduct [this] review with substantial deference and give 'due consideration' to the trial court's decision—since the 'principal role of [our] review is to attempt to leaven the outliers,' and not to achieve a perceived 'correct' sentence . . . ." *Knapp v. State*, 9 N.E.3d 1274, 1292 (Ind. 2014) (quoting *Chambers v. State*, 989 N.E.2d 1257, 1259 (Ind. 2013)) (internal citations omitted).

[8] Hawk pleaded guilty to a Level 5 felony, a Level 6 felony, and a Class A misdemeanor. For the Level 5 felony, he faced a term of one to six years, with an advisory term of three years, Ind. Code § 35-50-2-6(b); the trial court imposed a five-year term. For the Level 6 felony, Hawk faced a term of six months to two and one-half years, with an advisory term of one year, I.C. § 35-50-2-7(b); the trial court imposed a two-year term. And for the Class A misdemeanor, Hawk faced a term of up to one year, I.C. § 35-50-3-2; the trial

court imposed a one-year term. The trial court was required to run the sentences consecutively, I.C. § 35-50-1-2(e), so Hawk received an aggregate eight-year term.

[9] With respect to the nature of the offenses, we are not limited to the factual basis of Hawk's guilty pleas but may instead consider the full nature of his criminal conduct. *Bethea v. State*, 983 N.E.2d 1134, 1145 (Ind. 2013). In Cause F6-389, Hawk was found in possession of methamphetamine, another controlled substance, and paraphernalia, and appeared intoxicated, all while serving a sentence for substance-related convictions in community corrections. He then lied to community corrections officers to try to evade detection.

[10] In Cause F4-1519, Hawk possessed more methamphetamine than was necessary to constitute the Level 5 felony to which he pleaded guilty. He committed this offense while on probation for an earlier conviction and only twenty days after being released on bond for the charges in Cause F6-389. Moreover, he blamed his girlfriend at the time for the crime, claiming that he was only acting as a middle man for her.

[11] In Cause CM-3265, Hawk severely battered his girlfriend, hitting her multiple times in the face while he was high on methamphetamine. As a result, she sustained a concussion, a broken nose, a laceration over her eye, and bruising and swelling all over her face. When the police came to the house, he fled, only stopping after he was tasered. He committed these offenses while on probation for an earlier conviction and on pretrial release in Cause F4-1519, and he

blamed his girlfriend for the incident, claiming that he was the victim in what had happened.

[12] Each of these offenses individually had aggravating aspects going beyond that to which he pleaded guilty. And the overall pattern shows repetitive criminal activity that is undeterred by any contact with the criminal justice system. As soon as Hawk is released back into the community, he begins committing new crimes. We do not find that the nature of the offenses supports his argument.

[13] With respect to his character, he began committing felony-level crimes as a juvenile, receiving adjudications for auto theft and residential entry, and has continued unabated through adulthood. He has amassed prior felony convictions for burglary, dealing in cocaine, possession of marijuana, possession of methamphetamine, and operating with a controlled substance in the body. He also has numerous misdemeanor convictions, including operating while intoxicated and conversion.

[14] Hawk has been given countless prior opportunities on probation but has repeatedly violated and been revoked. He has also had many chances to receive substance abuse treatment, including in these very cases before he was sentenced, but he has failed to take advantage of these opportunities and has instead continued to use drugs and commit crimes. He does not take responsibility for his own actions, blaming his mother for his drug addiction and his girlfriends or his substance abuse problems for the crimes he commits. He has even had drug-related deaths in his life—his mother died from an

overdose a decade ago and his wife died from an overdose in 2016—but even those losses have not motivated him to reform his behavior and take advantage of the help he desperately needs.

[15] The judicial system has offered Hawk leniency for years but he continues to engage in criminal behavior each and every time he is released into the community. Under these circumstances, we do not find the sentences imposed by the trial court are inappropriate in light of the nature of the offenses and his character.

[16] The judgment of the trial court is affirmed.

Najam, J., and Robb, J., concur.