## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 05 2019, 10:13 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Yvette M. LaPlante
LaPlante LLP
Evansville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Samantha M. Sumcad
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Percy Scott,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

September 5, 2019

Court of Appeals Case No.
19A-CR-196

Appeal from the Vanderburgh
Circuit Court

The Honorable David Kiely, Judge

Trial Court Cause No.
82C01-1712-F3-7696

**Baker, Judge.**

Percy Scott appeals the sentence imposed by the trial court after he was convicted of Level 3 Felony Rape,[1] arguing that the sentence is inappropriate in light of the nature of the offense and his character. We affirm.

## Facts

On December 12, 2017, at 3:12 AM, police were dispatched to an Evansville residence in response to a call about a "sensitive incident." Appellant's App. Vol. II p. 30.[2] Upon arrival at the residence, police found T.H., an adult female, sitting on a couch inside the home. T.H. wore a shirt but no pants or underwear, and her face was swollen and covered in fresh bruises and scratches. T.H. did not know anyone who lived at the residence, and told police she was there because she had fled Scott's home seeking help.

T.H. reported to police that earlier that evening, she had gone to see Scott at his nearby apartment and that he had raped her and held her against her will for three hours. T.H. showed the officers the house from which she had fled. Officers approached the home and were met at the back door by Scott, who had blood on his clothes and a swollen bottom lip. Scott was arrested and T.H. was transported to the hospital for treatment of her injuries and for a sexual assault

---

[1] Ind. Code § 35-42-4-1(a)(1).

[2] Because no facts regarding the underlying crime were recounted at the sentencing hearing and the transcript of the factual basis established at the guilty plea hearing is not included in the record on appeal, we join both parties by relying on the facts provided in the probable cause affidavit.

examination. The hospital revealed bruising on her cervix in addition to the visible external bruises and scratches.

[4] At the hospital, T.H. told officers that Scott had invited T.H. over to his apartment. They both drank several alcoholic beverages, after which Scott began to make sexual advances on T.H. When T.H. resisted his advances, Scott became extremely angry and aggressive and hit her with his fists, causing T.H. to lose consciousness. When she awoke, she was lying on her back in Scott's living room, unclothed from the waist down, and Scott was performing oral sex on her. She once again tried to resist Scott, who held her down while hitting her in the face and head with his fists. T.H. stated that she believed Scott was going to kill her, so she bit his lower lip in the hope of leaving some evidence of his attack. As soon as she could, T.H. escaped by telling Scott she needed to use the restroom and running out the back door, leaving her clothing and belongings behind. She knocked on doors of nearby houses until someone let her in and let her call the police.

[5] On December 14, 2017, the State charged Scott with Level 3 felony rape, Level 3 felony criminal confinement, and Level 5 felony battery. On January 7, 2019, Scott pleaded guilty to rape, and the State dismissed the other charges. The trial court sentenced Scott to nine years imprisonment. Scott now appeals.

# Discussion and Decision

[6] Scott's sole argument on appeal is that the sentence is inappropriate in light of the nature of the offense and his character.

[7] Indiana Appellate Rule 7(B) provides that this Court may revise a statutorily authorized sentence "if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In conducting this review, "substantial deference" must be given to the trial court's decision, "since the 'principal role of [our] review is to attempt to leaven the outliers,' and not to achieve a perceived 'correct' sentence." *Knapp v. State*, 9 N.E.3d 1274, 1292 (Ind. 2014) (quoting *Chambers v. State*, 989 N.E.2d 1257, 1259 (Ind. 2013)) (internal citations omitted).

[8] For Level 3 felony rape, Scott faced a term of three to sixteen years, with an advisory sentence of nine years. Ind. Code § 35-50-2-5. The trial court imposed the advisory nine-year sentence.

[9] Scott provides no argument for revision based on the nature of the offense and relies entirely on his character to support his claim that his sentence is inappropriate. According to the probable cause affidavit, the offense was brutal and violent, to the point of T.H. fearing for her life. Scott also left T.H. covered in visible, external injuries as well as bruises to her cervix.

[10] With respect to Scott's character, we note that he has an extensive criminal history, including charges of domestic battery and possession of illicit substances and convictions for larceny, operating a vehicle without a license, and intimidation. *See Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App.

2007) (holding that we may consider a defendant's history of arrests as a reflection of his character).

[11] Scott argues that his lack of prior felony convictions or convictions for similar, related offenses demonstrates his good character. However, the trial court noted that his history primarily involved controlled substances and driving offenses when it imposed the advisory term. Further, at his sentencing hearing, Scott showed a complete lack of remorse and respect for authority. He told the judge that he was "not going to take no f*cking nine years" and to "[k]iss my ass on that." Tr. p. 10. While Scott's character may not be the worst of the worst, nothing in the record persuades us that the advisory term was inappropriate.

[12] We do not find the sentence imposed by the trial court to be inappropriate in light of the nature of the offense and Scott's character.

[13] The judgment of the trial court is affirmed.

Kirsch, J., and Crone, J., concur.