## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 11 2019, 10:48 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Rory Gallagher
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Samuel J. Dayton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Rasean Collins,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

October 11, 2019

Court of Appeals Case No.
19A-CR-883

Appeal from the Marion Superior Court

The Honorable Mark D. Stoner, Judge

Trial Court Cause No.
49G06-1706-F1-21819

**Baker, Judge.**

[1] Rasean Collins appeals the sentence imposed by the trial court after Collins was convicted of Level 3 felony aggravated battery and Level 6 felony pointing a firearm. Collins argues that the sentence is inappropriate in light of the nature of the offenses and his character. We affirm.

## Facts

[2] On June 10, 2019, then-seventeen-year-old Collins, Logan Jones, and Courtney McClellan were inside the home shared by Daniel Cook and McClellan. Cook secured his two children in the back seat of his car and yelled to McClellan to let her know he was leaving, but she did not respond. He picked up a can of spray paint and threw it towards the open door and into the kitchen to try to get her attention. The paint can bounced off a wall and hit Jones's foot or leg, and Jones said, "That just hit me." Tr. Vol. II p. 82. Cook said, "Do you want to do something about it," and Jones replied that he did not. *Id.* at 82-83. Cook told Jones, "I'm going to beat your ass." *Id.* at 116. Collins then said, "That just hit my friend," and began arguing with Cook. *Id.* at 83. Collins stepped out of the house and into the garage.

[3] Cook took a step towards Collins, who drew a gun and pointed it at Cook's face, saying that he was going to kill Cook. Cook's children were still in the car just behind where Cook was standing. Cook grabbed the barrel of the revolver and pushed it away, telling Collins to "fight me like a man, bitch." *Id.* at 62, 118. Collins walked back into the house and Jones attempted to calm him down. Collins encountered one of McClellan's sisters, who was fourteen years

old, and her thirteen-year-old friend, who asked Collins why he had a gun. He drew his gun and pointed it at their stomachs. He encountered another of McClellan's sisters in the living room, who told Collins not to hurt Cook, and Collins pushed her out of his way.

[4] Collins went back outside and continued to argue with Cook, who punched the hood of his car and again taunted Collins to "[f]ight me like a man, bitch." *Id.* at 62, 64, 70. Collins drew his firearm again, pointing it at several other people who had come outside from Cook's house, at the children in the car, and then at Cook's head. Cook walked toward Collins, closing the gap between them until the barrel of the gun was against his chest, still taunting Collins to "Fight me like a man[.]" *Id.* at 63. Collins told Cook, "I'm going to kill you, bitch," and Cook tried to push the gun away again. *Id.* at 25. This time, Collins fired the gun at "point blank range," striking Cook in the chest. *Id.* at 26. As a result of his injuries, Cook is paralyzed from the waist down.

[5] On June 12, 2017, the State charged Collins as an adult with Level 1 felony attempted murder, two counts of Level 6 felony pointing a firearm, and Level 6 felony carrying a firearm without a license. Following a February 22, 2019, bench trial, the trial court acquitted Collins of attempted murder but found him guilty of the lesser-included offense of Level 3 felony aggravated battery. It also found him guilty of one count of Level 6 felony pointing a firearm. It found that the other charged offenses merged with the convictions and did not enter a judgment of conviction on those counts.

[6]     Collins's sentencing hearing took place on March 22, 2019. The trial court found the following mitigating circumstances: Collins had a learning disability and was relatively uneducated as he had not completed high school; Collins had a history of mental health issues; and Cook initiated the altercation. It also found the following aggravating factors: (1) the State presented more evidence than was necessary to prove aggravated battery; (2) children were present when Collins committed the offenses; (3) Collins was arrested for two separate offenses while on pretrial release for this case, one of which involved a gun; and (4) significant harm was done to the community in the hospitalization of and damage done to the victim. The trial court also observed that it was difficult to understand why Collins shot Cook over "something that started as ridiculous[ly] as this did," and that Collins continued to participate in the altercation even though people were "begging [him] to stand down[.]" *Id.* at 168.

[7]     The trial court sentenced Collins to concurrent terms of 14 years imprisonment, with four years suspended to probation, for aggravated battery, and 910 days for pointing a firearm. The trial court also ordered that Collins is to receive mental health counseling while in the Department of Correction. Collins now appeals.

## Discussion and Decision

[8]     Collins's sole argument on appeal is that the sentence is inappropriate in light of the nature of the offenses and his character pursuant to Indiana Appellate Rule 7(B). We must "conduct [this] review with substantial deference and give 'due

consideration' to the trial court's decision—since the 'principal role of [our] review is to attempt to leaven the outliers,' and not to achieve a perceived 'correct' sentence . . . ." *Knapp v. State*, 9 N.E.3d 1274, 1292 (Ind. 2014) (quoting *Chambers v. State*, 989 N.E.2d 1257, 1259 (Ind. 2013)) (internal citations omitted).

[9] For the Level 3 felony conviction, Collins faced a term of three to sixteen years imprisonment, with an advisory sentence of nine years. Ind. Code § 35-50-2-5(b). The trial court imposed a fourteen-year sentence but suspended four of those years, for an executed term of ten years imprisonment. For the Level 6 felony conviction, Collins faced a term of six months to two and one-half years imprisonment, with an advisory term of one year. I.C. § 35-50-2-7(b). The trial court imposed the maximum term, to be served concurrently with the other sentence.

[10] With respect to the nature of the offenses, while Cook instigated and continued the argument, Collins dramatically ratcheted up the seriousness of the incident by brandishing and pointing a firearm (at Cook and others, including minors). Collins did so in the presence of children, even going so far as to point the weapon at two teenagers and pushing a third out of his way when she begged him not to shoot Cook. When Collins finally shot Cook (with a gun Collins had no right to possess in the first place), he did so at point-blank range, leaving Cook paralyzed from the waist down and forever altering the course of that family's life.

[11] With respect to Collins's character, we acknowledge, as did the trial court, that he is young, did not finish high school, and has been diagnosed with post traumatic stress disorder. Collins had a tumultuous and unstable childhood, with a mother who was frequently incarcerated and a father who was not present in his life. The trial court took these circumstances into consideration when it suspended a portion of Collins's sentence and ordered that he receive mental health treatment while incarcerated.

[12] Even at a young age, Collins has a substantial juvenile record. He was first arrested at the age of eleven, and there are four delinquency proceedings with sealed records noted in the presentence investigation report. In 2015, Collins was adjudged delinquent for auto theft. Following that adjudication, Collins did not fully comply with the terms of his disposition, committing multiple probation violations. As part of his disposition, Collins was regularly drug tested; he tested positive for marijuana eighteen out of twenty-one times. While the instant charges were pending, Collins was charged with two new offenses, one of which involved a gun.

[13] Although Collins is a young man who has had a troubled life, he has not shown a willingness to reform his behavior. If anything, it seems that his criminal activity is increasing in frequency and severity. Therefore, we do not find the sentence imposed by the trial court to be inappropriate in light of the nature of the offenses and Collins's character.

The judgment of the trial court is affirmed.

Kirsch, J., and Crone, J., concur.