## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 10 2020, 8:10 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Lisa M. Johnson
Brownsburg, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Courtney Staton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Terry Tripp, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | September 10, 2020 <br><br> Court of Appeals Case No. <br> 20A-CR-1017 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Mark T. Rothenberg, Judge <br><br> Trial Court Cause No. <br> 49G02-1808-F4-28855 |

**Baker, Senior Judge.**

[1] Terry Tripp appeals the sentence imposed by the trial court after Tripp pleaded guilty to Level 5 felony burglary and admitted to being an habitual offender. Tripp argues that the sentence imposed by the trial court is inappropriate in light of the nature of the offense and his character. Finding that the sentence is not inappropriate, we affirm.

## Facts

[2] On August 28, 2018, Tripp burglarized Dennis Taylor's home. Tripp ensured that no one was home by knocking on the door multiple times. Then he kicked open the door and entered. A neighbor called 911. Once inside, Tripp collected tools and other items and stacked them near the front door to steal. Police officers arrived and arrested Tripp. Taylor later confirmed that he did not know Tripp and had not given him permission to enter the residence.

[3] On August 29, 2018, the State charged Tripp with Level 4 felony burglary and Class A misdemeanor attempted theft. The State later amended the charging information to reduce the burglary charge to a Level 5 felony. On December 6, 2018, Tripp agreed to plead guilty to Level 5 felony attempted burglary and to admit to being an habitual offender in exchange for the dismissal of the attempted theft count.

[4] On December 21, 2018, the trial court imposed an aggregate ten-year sentence. Tripp appealed, and this Court remanded so that the trial court could clarify the sentence. *Tripp v. State*, No. 19A-CR-198 (Ind. Ct. App. Sept. 30, 2019).

On remand, the trial court held a new sentencing hearing on December 13, 2019. The trial court imposed a sentence of six years for burglary, with four years suspended to probation and two years executed, and enhanced that sentence by four years for Tripp's habitual offender status. Thus, Tripp's aggregate sentence is ten years, with six years executed and four years suspended. Tripp now appeals.

## Discussion and Decision

Tripp argues that the sentence imposed by the trial court is inappropriate in light of the nature of the offense and his character pursuant to Indiana Appellate Rule 7(B). We must "conduct [this] review with substantial deference and give 'due consideration' to the trial court's decision—since the 'principal role of [our] review is to attempt to leaven the outliers,' and not to achieve a perceived 'correct' sentence." *Knapp v. State*, 9 N.E.3d 1274, 1292 (Ind. 2014) (quoting *Chambers v. State*, 989 N.E.2d 1257, 1259 (Ind. 2013)) (internal citations omitted).

Tripp pleaded guilty to a Level 5 felony, for which he faced a sentence of one to six years, with an advisory term of three years. Ind. Code § 35-50-2-6(b). The trial court imposed the maximum six-year term but ordered that four of those years be suspended to probation. Tripp also admitted to being an habitual offender, meaning that he faced a fixed, nonsuspendible sentence enhancement of two to six years imprisonment. I.C. § 35-50-2-8(i). The trial court enhanced the underlying sentence by four years for Tripp's habitual offender status.

Therefore, Tripp received an aggregate ten-year sentence, with four of those years suspended to probation.

[8] With respect to the nature of the offense, Tripp went to the home of a person he did not know, ensured no one was there, kicked in the front door, entered, and prepared to take items from inside. The only reason he did not actually take the items was because a neighbor had seen him entering the residence and called 911.

[9] With respect to Tripp's character, we note that he has a lengthy and relevant criminal history. He has been arrested eleven times and amassed two misdemeanor and seven felony convictions. This is his fifth burglary conviction. All his offenses appear to be drug-related or property-related—and he admits that the property-related offenses were intended to support his drug habit. He has had the benefit of community supervision, suspended sentences, short prison sentences, and longer prison sentences. He has violated probation multiple times.

[10] We must also note that Tripp (who was forty-three at the time of the second sentencing hearing) has had a very difficult life, dating back to childhood. His parents were both addicts and he shuffled between the homes of relatives for most of his young life. He experienced poverty and mental, physical, and sexual abuse. He has been diagnosed with multiple mental illnesses, including post-traumatic stress disorder, major depressive disorder, anxiety, and bipolar disorder. He has been suicidal at times and has attempted suicide at least twice.

[11]     He began drinking alcohol and smoking marijuana on a regular basis when he was thirteen. He began using cocaine in his early twenties, and eventually replaced cocaine with heroin and methamphetamine. At the time of the instant offense, he was homeless and struggling to pay his bills or find enough money for food. He has not voluntarily sought out treatment for his substance abuse issues and has only attended drug treatment twice—both times, treatment was court-ordered.

[12]     Tripp pleaded guilty and, though he received a benefit for his guilty plea—the dismissal of the Class A misdemeanor attempted theft charge—it was not a substantial one. He has expressed genuine remorse and takes full responsibility for his actions.

[13]     The trial court imposed an aggregate ten-year sentence, which includes a maximum six-year term for the burglary conviction. Given this record, a more lenient sentence would have been appropriate. But that does not render this sentence inappropriate, particularly given that four of the ten years are suspended to probation. Furthermore, the trial court recommended Tripp for the Purposeful Incarceration program and indicated that it would consider modifying a portion of Tripp's sentence if he successfully completed the program. Under these circumstances, we find that the sentence is not inappropriate in light of the nature of the offense and Tripp's character.

The judgment of the trial court is affirmed.

Bailey, J., and Vaidik, J., concur.