# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 25 2018, 9:20 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

---

ATTORNEY FOR APPELLANT

Mary P. Lake
La Porte, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. Mackenzie
Deputy Attorney General
Indianapolis, Indiana

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

Christopher A. Redden,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

October 25, 2018

Court of Appeals Case No.
18A-CR-450

Appeal from the La Porte Circuit Court

The Honorable Thomas J. Alevizos, Judge

Trial Court Cause No.
46C01-1607-F3-571

**Baker, Judge.**

[1] Christopher Redden appeals the sentence imposed by the trial court after he pleaded guilty to Level 4 felony child molesting. Redden argues that the sentence is inappropriate in light of the nature of the offense and his character. Finding that the sentence is not inappropriate, we affirm.

[2] On July 5, 2016, the State charged Redden with two counts of child molesting, one as a Level 3 felony and the other as a Level 4 felony. On September 1, 2017, Redden pleaded guilty to the Level 4 felony in exchange for the dismissal of the Level 3 felony charge. He admitted that he, at the age of nineteen, touched or fondled the vagina of a twelve-year-old girl. The probable cause affidavit further shows that Redden molested the victim during a sleepover at his house, penetrating her vagina with his finger and placing her hands on his penis; there were two other juveniles present in the room at the time. The victim kept trying to pull away and Redden repeatedly told her to "[s]top fighting me." Conf. App. Vol. II p. 14.

[3] Redden's sentencing hearing took place on December 14, 2017. At the hearing, the State offered evidence of Redden's juvenile history as well as a trend of coercive sexual behavior in which Redden has been engaging since the age of six. The trial court found two aggravating factors: Redden's lack of remorse and his commission of the crime in the presence of other juveniles. The trial court found one mitigating circumstance—Redden's guilty plea—but did not afford it substantial weight because Redden pleaded guilty to the lesser charge while the greater charge was dismissed. The trial court sentenced Redden to a nine-year term. Redden now appeals.

[4] Redden's sole argument on appeal is that the sentence is inappropriate in light of the nature of the offense and his character pursuant to Indiana Appellate Rule 7(B). In considering an argument under Rule 7(B), we must "conduct [this] review with substantial deference and give 'due consideration' to the trial court's decision—since the 'principal role of [our] review is to attempt to leaven the outliers,' and not to achieve a perceived 'correct' sentence . . . ." *Knapp v. State*, 9 N.E.3d 1274, 1292 (Ind. 2014) (quoting *Chambers v. State*, 989 N.E.2d 1257, 1259 (Ind. 2013)) (internal citations omitted).

[5] Redden was convicted of one Level 4 felony, for which he faced a term of two to twelve years imprisonment. Ind. Code § 35-50-2-5.5. The trial court imposed a nine-year term, which is above the advisory six-year term but less than the maximum twelve-year term.

[6] As for the nature of the offense, Redden molested a twelve-year-old girl during a sleepover at his house, in the presence of two other juveniles, resisting the victim's repeated attempts to pull away and end the encounter. We do not find that the nature of the offense renders the sentence inappropriate.

[7] As for Redden's character, while it is true that at the relatively young age of nineteen he has not yet amassed an adult criminal history, he was adjudicated a delinquent child for the crimes of felony theft and trespass. His first contact with the criminal justice system was in 2008; since that time, he has been arrested or charged with a criminal or status offense an additional six times. He has spent time being placed in the Michiana Family and Children's Center and

in the Pendleton Boys School. His psychosexual evaluation revealed that at the age of six, he asked a girl to kiss his penis; at the age of nine, he was charged with attempting to sexually molest a three-year-old girl; that he chose a three-year-old because she would not be able to resist him; and that he was following an antisocial pattern of behavior that would continue to escalate unless checked. The evaluator concluded that Redden was "very much at risk of continuing to get into further trouble and being a potential danger, particularly to his peers and children even younger." Conf. App. Vol. II p. 93.

[8] In sum, Redden has been exhibiting red flags for years. His delinquent behavior as a juvenile continued into adulthood, when he pleaded guilty to child molesting in his first year of adult life. He has participated with extensive services and been given the tools to rehabilitate his behavior but has failed to take advantage of those opportunities. Under these circumstances, we find that the sentence imposed by the trial court is not inappropriate in light of the nature of the offense and Redden's character.

[9] The judgment of the trial court is affirmed.

May, J., and Robb, J., concur.