## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 20 2018, 8:34 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jennifer A. Joas
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Edward C. Sizemore, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | November 20, 2018 <br><br> Court of Appeals Case No. 18A-CR-1707 <br><br> Appeal from the Ripley Circuit Court <br><br> The Honorable Ryan J. King, Judge <br><br> Trial Court Cause No. 69C01-1709-F4-14 |

**Baker, Judge.**

[1] Edward Sizemore appeals the sentence imposed by the trial court after he pleaded guilty to Level 4 Felony Dealing in Methamphetamine and Level 6 Felony Possession of a Hypodermic Needle. Sizemore argues that the sentence is inappropriate in light of the nature of the offenses and his character. Finding that the sentence is not inappropriate, we affirm.

## Facts

[2] On September 7, 2017, police officers went to Sizemore's residence to serve an arrest warrant on another individual. When the officers arrived, the other individual fled on foot. Sizemore allowed officers inside of his house, where the officers saw a digital scale with powder residue in plain view. After the officers advised Sizemore of his rights, Sizemore admitted that he was a methamphetamine dealer and user, explaining that he sold approximately seven grams of methamphetamine every three to five days. A gram of methamphetamine generally sold for $60 to $100, meaning that Sizemore was earning $420 to $700 every three to five days. Officers also found two loaded handguns, twenty-eight hypodermic needles, other digital scales, and plastic bags containing powdered substances.

[3] On September 11, 2017, the State charged Sizemore with Level 4 felony dealing in methamphetamine, Level 6 felony possession of a hypodermic needle, Level 6 felony possession of methamphetamine, and Level 6 felony maintaining a common nuisance. Sizemore agreed to plead guilty to the dealing in methamphetamine and possession of a hypodermic needle charges in exchange

for the dismissal of the other charges. On May 3, 2018, the trial court imposed a ten-year sentence, with two years suspended to probation, for the dealing conviction, to be served concurrently with a two-year sentence for the possession of a hypodermic needle conviction. Sizemore now appeals.

## Discussion and Decision

[4] Sizemore's sole argument on appeal is that the sentence imposed by the trial court is inappropriate in light of the nature of the offenses and his character pursuant to Indiana Appellate Rule 7(B). In considering an argument under Rule 7(B), we must "conduct [this] review with substantial deference and give 'due consideration' to the trial court's decision—since the 'principal role of [our] review is to attempt to leaven the outliers,' and not to achieve a perceived 'correct' sentence . . . ." *Knapp v. State*, 9 N.E.3d 1274, 1292 (Ind. 2014) (quoting *Chambers v. State*, 989 N.E.2d 1257, 1259 (Ind. 2013)) (internal citations omitted).

[5] Sizemore was convicted of one Level 4 felony, for which he faced a term of two to twelve years imprisonment. Ind. Code § 35-50-2-5.5. The trial court imposed a ten-year term, which is above the advisory six-year term but less than the maximum twelve-year term. Sizemore was also convicted of one Level 6 felony, for which he faced a term of six months to two and one-half years, with an advisory term of one year. I.C. § 35-50-2-7(b). The trial court imposed a two-year term but ordered that it be served concurrently with the ten-year sentence, for an aggregate ten-year term.

[6]     With respect to the nature of the offenses, Sizemore admitted that he regularly sold seven grams of methamphetamine every three to five days, which far exceeds the single occasion required to commit dealing in methamphetamine. As the trial court noted, Sizemore is "a methamphetamine dealer, period, and a serious one." Tr. p. 61. Moreover, officers found twenty-eight hypodermic syringes in his house, which far exceeds the single one required to commit the Level 6 felony offense. We do not find that the nature of the offenses renders Sizemore's sentence inappropriate.

[7]     As for the nature of Sizemore's character, we note that the evidence shows that he was earning close to $700 every three to five days. But notwithstanding that income, he was nearly $30,000 in arrears on child support payments. Indeed, he had not made a single voluntary child support payment since June 2014. The last payment he made was in July 2015, which was garnished from a bond he had posted for a failure-to-appear warrant issued as part of his child support case.

[8]     Sizemore's criminal history includes a 1993 conviction for illegal consumption of alcohol by a minor, for which he served a term of probation. In January 1998, he was charged with operating a vehicle while intoxicated, but this charge was dismissed due to a deferral agreement. In November 2007, he entered into a deferral agreement for a charge of misdemeanor battery. And at the time he was sentenced in the present case, he was facing a charge of battery resulting in bodily injury. While Sizemore's criminal history is not the worst of the worst, it shows that despite first, second, and third chances afforded to him by the

criminal justice system to reform his behavior, he is either unable or unwilling to do so. In light of his child support arrearage and criminal history, we do not find that the nature of Sizemore's character renders the sentence inappropriate.

[9] Sizemore also emphasizes the fact that he pleaded guilty, arguing that his guilty plea warrants a reduced sentence. It is apparent from the record, however, that his guilty plea was largely pragmatic rather than a genuine show of remorse, given that the evidence of his guilt was overwhelming and the State dismissed two felony charges in exchange for the guilty plea. In light of these factors, we do not find that the guilty plea renders the sentence inappropriate.

[10] In sum, the aggregate ten-year sentence imposed by the trial court is not inappropriate in light of the nature of the offenses and Sizemore's character.

[11] The judgment of the trial court is affirmed.

May, J., and Robb, J., concur.