## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 20 2019, 10:00 am

**C L E R K**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Stanley L. Campbell
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

## I N  T H E
# COURT OF APPEALS OF INDIANA

DeeDee Barnett,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

February 20, 2019

Court of Appeals Case No.
18A-CR-2569

Appeal from the Allen Superior
Court

The Honorable Frances C. Gull,
Judge

Trial Court Cause No.
02D05-1710-MR-9

**Baker, Judge.**

[1] DeeDee Barnett appeals the sentence imposed by the trial court after Barnett pleaded guilty to Murder, arguing that the sentence is inappropriate in light of the nature of the offense and his character. Finding that the sentence is not inappropriate, we affirm.

[2] On October 25, 2017, Barnett approached a vehicle being driven by Jack Florea and carrying Brian Lowe as a passenger. Barnett shot Lowe in the head. Lowe was transported to a hospital and later died as a result of the gunshot wound.

[3] On October 27, 2017, the State charged Barnett with murder and included an enhancement for use of a firearm in the commission of the crime. On August 29, 2018, the day on which Barnett's jury trial was scheduled to begin, Barnett pleaded guilty in exchange for the dismissal of the enhancement. On September 28, 2018, the trial court sentenced Barnett to a term of sixty-three years. Barnett now appeals.

[4] Barnett's sole argument on appeal is that the sentence is inappropriate in light of the nature of the offense and his character. Indiana Appellate Rule 7(B) provides that this Court may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. We must "conduct [this] review with substantial deference and give 'due consideration' to the trial court's decision—since the 'principal role of [our] review is to attempt to leaven the outliers,' and not to achieve a perceived 'correct' sentence . . . ." *Knapp v. State*, 9 N.E.3d 1274, 1292 (Ind. 2014) (quoting *Chambers v. State*, 989 N.E.2d 1257, 1259 (Ind. 2013)) (internal citations omitted).

[5] For a murder conviction, Barnett faced a sentence of forty-five to sixty-five years imprisonment, with an advisory term of fifty-five years. Ind. Code § 35-50-2-3. The trial court imposed a term of sixty-three years, which is above the advisory but less than the maximum possible term.

[6] With respect to the nature of the offense, Barnett committed a cold-blooded murder. While Barnett claims that Lowe had been a bully in the past, there is no evidence whatsoever that at the time of the shooting, Barnett was under any kind of a physical threat. Barnett approached the vehicle and instigated the shooting. He did so in the presence of a witness, Florea, who is traumatized because of the incident. The murder occurred the day before Lowe's daughter's eleventh birthday, and following the murder, Lowe's pregnant fiancée lost her baby. Lowe's parents had to make the heart-wrenching decision to remove their son from life support—on their thirty-fifth wedding anniversary.

[7] As for Barnett's character, he has an extensive criminal history spanning decades. His contacts with the criminal justice system began when he was a juvenile, and as an adult, he has amassed multiple misdemeanor convictions and a felony domestic battery conviction. Throughout these years, Barnett has been offered multiple chances of rehabilitation: as a juvenile, probation, community service, an informal adjustment, and attendance at the Wood Youth Center; and as an adult, probation, community service, criminal division services, home detention, short jail sentences, sentences at the Department of Correction, and parole. Despite these many opportunities, Barnett has continued to show a lack of respect for the rule of law and his fellow citizens,

ending with the ultimate act of antisocial behavior—taking the life of another person.

[8] Given these facts, we do not find the sentence imposed by the trial court to be inappropriate in light of the nature of the offense and Barnett's character.

[9] The judgment of the trial court is affirmed.


May, J., and Tavitas, J., concur.