## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 09 2019, 9:03 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Thomas C. Allen
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Megan M. Smith
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Terence L. Riley,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

August 9, 2019

Court of Appeals Case No.
19A-CR-659

Appeal from the Allen Superior Court

The Honorable Frances C. Gull, Judge

Trial Court Cause No.
02D05-1712-F5-344

**Baker, Judge.**

[1] Terence Riley appeals the sentence imposed by the trial court after Riley was convicted of Level 5 felony domestic battery, arguing that the sentence is inappropriate in light of the nature of the offense and his character. Finding that the sentence is not inappropriate, we affirm.

[2] In July 2016, Riley battered his wife, Barbara Harris, punching her in the face multiple times. He was convicted of domestic battery in Steuben County for that incident.

[3] In October 2017, Riley was still on probation for the domestic battery conviction. On October 9, 2017, Riley initiated an argument with Harris. He punched her repeatedly in the face. Scared, Harris ran into a bathroom and locked the door. He followed her and kicked down the door. With blood running down her face and a swollen eye, Harris begged Riley to let her go to the hospital. After she promised that she would not call the police, he allowed her to leave and she drove herself to the hospital. She received five stitches in her forehead and was treated for bruising on her cheek and a sprain of her bicep tendon. The laceration on her forehead could still be seen at the time of Riley's trial and is likely permanent.

[4] On December 1, 2017, the State charged Riley with Level 5 felony domestic battery, Level 6 felony domestic battery resulting in moderate bodily injury, and Level 6 felony domestic battery with a prior unrelated conviction.[1] While the

---

[1] The State later dismissed the charge for domestic battery with a prior unrelated conviction.

charges were pending, Riley encouraged Harris not to cooperate with the prosecutor's office, telling her that if she refused to cooperate, the case would get dismissed. Riley's jury trial took place on February 5-6, 2019. The jury found Riley guilty as charged and the trial court vacated the Level 6 felony conviction on double jeopardy grounds. On March 13, 2019, the trial court sentenced Riley to six years in the Department of Correction. Riley now appeals.

Riley's sole argument on appeal is that the sentence is inappropriate in light of the nature of the offenses and his character pursuant to Indiana Appellate Rule 7(B). We must "conduct [this] review with substantial deference and give 'due consideration' to the trial court's decision—since the 'principal role of [our] review is to attempt to leaven the outliers,' and not to achieve a perceived 'correct' sentence . . . ." *Knapp v. State*, 9 N.E.3d 1274, 1292 (Ind. 2014) (quoting *Chambers v. State*, 989 N.E.2d 1257, 1259 (Ind. 2013)) (internal citations omitted). For a Level 5 felony conviction, Riley faced a possible sentence of one to six years imprisonment, with an advisory term of three years. Ind. Code § 35-50-2-6(b). The trial court imposed a maximum six-year term.

With respect to the nature of the offense, Riley battered his wife, striking her with such force that she needed five stitches in her forehead and had injuries to her cheek and arm. The scarring as a result of the laceration in her forehead may be permanent. He refused to let her go to the hospital until she promised not to call the police.

[7] With respect to Riley's character, we note that he has a significant criminal history. He has been convicted three times of battery, twice of dealing in cocaine or a narcotic drug, once of possession with intent to distribute cocaine base "crack," and once of operating while intoxicated. He has had many chances to reflect on his behavior and change his ways, including shorter sentences, longer sentences, time with the Center for Nonviolence, residential placement, and the Alcohol Countermeasure Program. He has had suspended sentences revoked twice, placements modified twice, and a federal sentence modified twice. He was on probation for the same offense—battering his wife—when he committed the very same act in this case. As soon as he battered her, his first thought was of himself, and he began trying to convince her not to call the police. After the State filed charges, he continued to manipulate the situation by encouraging her not to cooperate with the prosecutor's office. He has never shown remorse or accepted any responsibility for his actions. Given this record, we find that the sentence imposed by the trial court was not inappropriate in light of the nature of the offense or his character.

[8] The judgment of the trial court is affirmed.

Kirsch, J., and Crone, J., concur.