## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 06 2020, 10:05 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Yvette M. LaPlante
LaPlante LLP
Evansville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tina L. Mann
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Stacy R. Goldman,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | May 6, 2020<br><br>Court of Appeals Case No.<br>20A-CR-74<br><br>Appeal from the Vanderburgh<br>Superior Court<br><br>The Honorable Robert J. Pigman,<br>Judge<br><br>Trial Court Cause No.<br>82D03-1904-F4-2383 |

**Baker, Judge.**

[1] Stacy Goldman appeals the sentence imposed by the trial court after he pleaded guilty to two counts of Level 4 Felony Child Solicitation[1] and two counts of Level 4 Felony Sexual Misconduct With a Minor.[2] Goldman argues that the sentence is inappropriate in light of the nature of the offenses and his character. We find that the sentence is not inappropriate, but we also find, sua sponte, that the two child solicitation convictions violate Indiana's prohibition against double jeopardy. Therefore, we affirm the aggregate eight-year sentence, but we reverse in part and remand with instructions to vacate the conviction and sentence for one of the two counts of child solicitation.

## Facts

[2] On February 6, 2019, K.D., who has high-functioning autism, was fifteen years old. She had been communicating via Facebook Messenger with a man who she knew as Ryan King. "Ryan King" was an alias used online by Goldman, who was twenty-eight years old. Goldman has a variety of intellectual and emotional disabilities and has never lived completely independently. He functions at the approximate maturity level of a fifteen-year-old.

[3] K.D., who believed that "King" was nineteen years old, had told him that she was fifteen and believed that they were "dating." Appellant's App. Vol. II p. 26. Goldman set up a time and place to meet K.D. to engage in sexual

---

[1] Ind. Code § 35-42-4-6(c).

[2] I.C. § 35-42-4-9(a).

conduct. He also acknowledged that K.D. wanted a baby. He suggested, "this weekend let's shoot for getting you pregnant" and said that he would "man up" and take care of her and the baby. Tr. Ex. Vol. II p. 31. He called himself her "daddy," telling her "daddy loves you" and will "take care of you" and to "just trust your daddy . . . ." *Id.* at 32.

[4] On February 6, 2019, K.D. told her parents she was going for a walk. She walked to a nearby church, where she met Goldman for the first time in person. The two ended up walking down into a ditch, where Goldman laid down a blanket that he had brought. They took off their clothes, and Goldman performed oral sex on K.D.; the two then had sexual intercourse.

[5] The next day, K.D. tried to break up with Goldman. He threatened to post pictures of K.D. that he had taken the previous day so that her family would see them, saying, "I have screenshots of your boobs and your p**sy so I'm going to expose it on Facebook right now." *Id.* at 10. Goldman also threatened to come to K.D.'s house to tell her parents what had happened. He also told K.D. that she could not prove anything because she did not know his real name and that because (as far as she knew) he was nineteen years old, nothing could happen to him because their ages were "four years apart" and what they did was legal. *Id.* at 8. He also told her "to go kill your f*cking slut self" and "you're just a little slut that deserves to disappear from [l]ife hahaha . . . ." *Id.* at 8-9.

[6] Eventually, K.D. told her school counselor what had happened. The counselor informed K.D.'s parents and law enforcement. Evansville Police Detective

Mike Kennedy discovered that "King's" real name was Stacy Goldman and that he was twenty-eight years old. Detective Kennedy met with Goldman and Goldman's sister on February 20, 2019. Goldman admitted that he had arranged to meet up with K.D., that he had brought a blanket to have sex on, that he knew K.D. was only fifteen years old, and that he had threatened and insulted her after she tried to break up with him.

[7] On April 4, 2019, the State charged Goldman with two counts of Level 4 felony child solicitation and two counts of Level 4 felony sexual misconduct with a minor. On September 26, 2019, Goldman pleaded guilty as charged without a plea agreement. The trial court held a sentencing hearing on November 8, 2019. It found Goldman's "mental condition" to be a mitigating circumstance and found his prior criminal history, including multiple probation violations, to be an aggravating factor. Appellant's App. Vol. II p. 17. On December 13, 2019, the trial court imposed concurrent eight-year sentences on all four counts. Goldman now appeals.

## Discussion and Decision

## I. Double Jeopardy

[8] First, we are compelled to address, sua sponte, whether Goldman's convictions violate Indiana's prohibition against double jeopardy. Generally, when a defendant pleads guilty, he waives the right to relief on double jeopardy grounds because "[a] defendant who enters a plea agreement to achieve an advantageous position must keep the bargain . . . ." *Kunberger v. State*, 46

N.E.3d 966, 971 (Ind. Ct. App. 2015). But where, as here, a defendant pleads guilty without the benefit of a plea agreement, he may be entitled to relief on this issue. *Id.*

[9] The Double Jeopardy Clause of the Indiana Constitution provides that "No person shall be put in jeopardy twice for the same offense." Ind. Const. art. 1, § 14. It is well established that two or more offenses are the "same offense" in violation of the double jeopardy clause "if, with respect to *either* the statutory elements of the challenged crimes *or* the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense." *Richardson v. State*, 717 N.E.2d 32, 49 (Ind. 1999) (emphases in original).

[10] Here, Goldman was convicted of two counts of Level 4 felony child solicitation and two counts of Level 4 felony sexual conduct with a minor. For child solicitation, the State was required to prove beyond a reasonable doubt that Goldman, who was at least twenty-one years old, knowingly or intentionally solicited K.D., who was between fourteen and sixteen years old, to engage in sexual conduct; that the solicitation occurred via a computer network; and that Goldman traveled to meet K.D. I.C. § 35-42-4-6(c). For sexual misconduct with a minor, the State was required to prove that Goldman, who was at least twenty-one years old, knowingly or intentionally performed or submitted to sexual intercourse (first count) and other sexual conduct (second count) with K.D., who was less than sixteen years of age. I.C. § 35-42-4-9(a).

[11] There is no issue with respect to the statutory elements of these crimes because to prove child solicitation, the State was required to prove that Goldman solicited K.D. to meet to engage in sexual conduct, and to prove sexual misconduct, the State was required to prove that the sexual conduct actually occurred.

[12] We do find a violation, however, with respect to the actual evidence used to support Goldman's convictions for the two counts of child solicitation. While he actually engaged in both sexual intercourse and oral sex with K.D.—two separate acts—there is only evidence that he engaged in one act of solicitation.[3] That the one act of solicitation led to two types of sexual conduct supports the two sexual misconduct with a minor convictions, but only *one* child solicitation conviction. *See Kunberger*, 46 N.E.3d at 970 (holding that to find a violation of the actual evidence test, there must be a reasonable possibility that the evidentiary facts used to establish the essential elements of one offense may have also been used to establish the essential elements of a second offense).

[13] Therefore, the two child solicitation convictions violate the prohibition against double jeopardy. We reverse in part with instructions that the trial court vacate the conviction and sentence for one of the child solicitation charges. This will not affect the aggregate eight-year sentence imposed by the trial court (or our

---

[3] In other words, there is no evidence that Goldman solicited K.D. once to engage in sexual intercourse and a second, separate time to engage in other sexual conduct.

analysis of the appropriateness of the sentence) because the sentences were ordered to run concurrently.

## II. Appropriateness

[14] Goldman's sole argument on appeal is that the aggregate eight-year sentence is inappropriate in light of the nature of the offenses and his character pursuant to Indiana Appellate Rule 7(B). We must "conduct [this] review with substantial deference and give 'due consideration' to the trial court's decision—since the 'principal role of [our] review is to attempt to leaven the outliers,' and not to achieve a perceived 'correct' sentence." *Knapp v. State*, 9 N.E.3d 1274, 1292 (Ind. 2014) (internal citations omitted) (quoting *Chambers v. State*, 989 N.E.2d 1257, 1259 (Ind. 2013)).

[15] Goldman pleaded guilty to four Level 4 felonies, which we have revised to three Level 4 felonies. For a Level 4 felony conviction, he faced a sentence of two to twelve years, with an advisory term of six years imprisonment. Ind. Code § 35-50-2-5.5. The trial court imposed eight-year terms. The State concedes that these convictions arose out of a single episode of criminal conduct. Appellee's Br. p. 10. As such, had the trial court ordered consecutive sentences, the maximum term would have been fifteen years imprisonment. I.C. § 35-50-1-2(d)(3). The trial court imposed concurrent terms, however, resulting in an aggregate sentence of eight years imprisonment.

[16] With respect to the nature of Goldman's offenses, he used a fake Facebook account with a pseudonym to form a relationship with a young woman whom

he knew to be fifteen years old; she also had autism. He was twenty-eight years old, but told her he was nineteen. He convinced her to meet him to have sex. He planned the whole encounter. They had sex and oral sex. The next day, when K.D. tried to break up with him, he threatened to post graphic pictures of her online and to come to her house to tell her parents what had happened. He told her that she could prove nothing because she did not know his real name. He called her a "slut" and told her to kill herself. Tr. Ex. Vol. p. 8. We do not find that the nature of these offenses renders the sentence inappropriate.

[17] As to Goldman's character, he emphasizes that he has many intellectual and emotional disabilities and states that he functions at the maturity level of a fifteen-year-old. But he was clearly able to act as a predator online and lure a young woman into a sexual relationship, including planning out all the details and threatening and degrading her afterwards. The trial court took Goldman's mental capabilities into account when imposing the sentence by finding his "mental condition" to be a mitigating circumstance. Appellant's App. Vol. II p. 17. The trial court would have acted reasonably had it imposed a lower sentence, but we cannot say that the sentence imposed—which is slightly more than the advisory term of six years, but a good deal less than the maximum possible fifteen-year term—is inappropriate given Goldman's mental disabilities.

[18] We also note that Goldman has a lengthy criminal history that includes convictions for Level 5 felony battery against a public safety officer, Level 6 felony and Class A misdemeanor theft, Level 6 felony and Class A

misdemeanor resisting law enforcement, Class A misdemeanor criminal trespass, Class A misdemeanor battery, Class A misdemeanor conversion, and Class A misdemeanor false informing. Goldman has been on probation multiple times, and the State has had to file many petitions to revoke probation after his behavior failed to comply with the conditions of probation.

[19] Goldman has been afforded leniency by the judicial system many times in the past. But he has shown an inability or unwillingness to conform his behavior to the rule of law. And now, his criminal activity has escalated, resulting in trauma to a vulnerable fifteen-year-old young woman. Under these circumstances, we find that the eight-year aggregate term imposed by the trial court is not inappropriate.

[20] The judgment of the trial court is affirmed in part and reversed in part with instructions to vacate the conviction and sentence for one of the two counts of child solicitation.

Bradford, C.J., and Pyle, J., concur.